[S. F. No. 1477. Department One.—June 26, 1899.]

HATTIE PATCH, Appellant, v. CHARLES A. MILLER et al., Executors, et cetera, Respondents.

JUDGMENT UNSUPPORTED BY FINDINGS—MOTION—CUMULATIVE REMEDY—APPEAL—REVERSAL.—The remedy by motion in the superior court to set aside and vacate a judgment unsupported by the findings, and to enter another judgment in accordance therewith, provided for in the new sections 663 and 663½ of the Code of Civil Procedure, is merely cumulative; and was not designed to supersede the remedy by appeal provided in section 963 of that Code. Upon such appeal, the judgment may be reversed, and the court below directed to enter the judgment required by the findings.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Edward A. Belcher, Judge.

The facts are stated in the opinion.

Marcus Rosenthal, for Appellant.

William H. Schooler, and Jacob Samuels, for Respondents.

GRAY, C.—Action for work and labor. Plaintiff claimed seven hundred and twenty dollars to be due her and appeals from a judgment in her favor for two hundred dollars.

The defendants are sued as executors of the last will and testament of J. M. Miller, deceased. The court found in the second finding as follows: "That for and during the period of two years immediately preceding the time of the decease of said J. M. Miller, hereinafter mentioned, the said plaintiff, at the special instance and request of said J. M. Miller, rendered and performed certain work, labor, and services to and for the said J. M. Miller, and that such work, labor, and services were and are of the reasonable value of twenty-five dollars per month." The seventh finding is to the effect that no part of the claim has been paid.

The above is all that is said in the findings as to the length of time that plaintiff worked for deceased, and, while it is not as clear a statement of the fact as might have been made, yet we think a fair construction of its language will make the finding

mean that the plaintiff worked for deceased two years or twenty-four months, and that the reasonable value of such work was and is twenty-five dollars per month. Upon this construction of the findings the judgment should have been for six hundred dollars in plaintiff's favor.

It is insisted that plaintiff's remedy for an inconsistency between the judgment and finding is not by appeal from the judgment, but is to be obtained under the provisions of the new sections added to the Code of Civil Procedure in 1897, and numbered 663 and 663½ (see Stats. 1897, p. 58), by a motion in the trial court to vacate and set aside the judgment and enter another and different judgment. We do not find anything in these added sections to indicate that it was the intention of the legislature to repeal or in any way modify section 963 of the Code of Civil Procedure, which provides for an appeal from a final judgment. It would, therefore, seem that an appeal from a final judgment entered in the superior court has the same effect and is to be heard and determined in the same way as before the enactment of the added sections. We hold that those sections were not intended to affect the remedy by appeal already existing, but were intended to provide a remedy in addition thereto, and advise that the judgment be reversed and that the cause be remanded, with directions that the court below enter judgment for plaintiff for six hundred dollars and costs.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded, with directions that the court below enter judgment for plaintiff for six hundred dollars and costs, the same to be payable in due course of administration of the estate of J. M. Miller, deceased.

　　　　　　　　Van Dyke, J., Garoutte, J., Harrison, J.