[Civ. No. 3833.   Fourth Dist.   Nov. 2, 1949.]

C. E. ROUNDS, Respondent, v. JOSEPH DIPPOLITO et al., Defendants; GEORGE J. GARECHT et al., Appellants.

Walker & Sullivan for Appellants.

Oliver M. Charleville for Respondent.

GRIFFIN, J.—Many of the facts essential to a statement of the facts surrounding this appeal from the order here involved have heretofore been presented to this court for consideration in a denial of a motion to dismiss the appeal. ((Cal.App.)* 200 P.2d 67.) A hearing was granted and the motion was subsequently denied by the Supreme Court. (34 Cal.2d 59 [206 P.2d 1083].) ██ The motion to vacate the judgment here under consideration was made under sections 663 and 663a of the Code of Civil Procedure and the order denying it may be reviewed on appeal as a special order made after judgment under section 963, subdivision 2, Code of Civil Procedure. (*Kaiser* v. *Dalto,* 140 Cal. 167 [73 P. 828] ; *Potter* v. *Pigg,* 35 Cal.App. 707 [170 P. 1066].)

It has been held that the remedy under sections 663 and 663a, Code of Civil Procedure, is merely cumulative and not designed to supersede the remedy by appeal provided in section 963 of the Code of Civil Procedure. (*Patch* v. *Miller,* 125 Cal. 240 [57 P. 986] ; *Modoc Co-operative Assn.* v. *Porter,* 11 Cal. App. 270, 274 [104 P. 710].)

*A hearing was granted by the Supreme Court on February 1, 1949.

■ A superior court has jurisdiction on motion under these two sections to vacate a judgment as entered, which is inconsistent with and not supported by the findings of fact and to enter a proper judgment, and also to vacate such a judgment where the conclusions of law are incorrect and erroneous and not consistent with the findings of fact. These questions are therefore the ones presented on this appeal.

■ The findings are that on July 24, 1946, defendant Joseph Dippolito and defendants Garecht and Marks, doing business as Grading and Excavation Company, entered into a written contract for the removal of 99 eucalyptus trees from the premises owned by the defendants Dippolitos; that between July 24 and August 10, 1946, employees of defendant grading company went upon said premises and "felled all of said trees, allowing the stumps of said trees to remain in or over the holes in the ground from which the stumps of said trees had been pushed over, also permitting the roots of some of said trees and stumps to remain connected with the soil." It found that on August 10 defendant Virgil Grove left the employment of the defendant grading company and, as an independent contractor, entered into a written agreement with the grading company for the completion of the contract existing between it and defendant Joseph Dippolito for the removal of said 99 eucalyptus trees from said premises. It found that plaintiff Rounds agreed with defendant Grove that Rounds would perform labor and furnish equipment consisting principally of a crane for the removal of said trees and stumps and the severance of the remaining connected roots from the ground; that plaintiff Rounds did perform labor and furnish equipment pursuant to said agreement of employment between him and defendant Grove and did remove said trees and stumps from the position where they had been felled and did disconnect and remove said remaining roots from the soil and that the performance of said labor and furnishing of said equipment continued for 102 hours, totaling $918, which sum Grove had agreed to pay plaintiff Rounds and that no part of said sum had been paid except $10, and that there is now due, owing and unpaid from defendant Grove to Rounds the sum of $908. It found that Rounds had filed a proper claim and notice of lien on the premises; that the whole of the above-described property is required for the convenient use and occupation of the improvements and was benefited by the improvements upon which the work and labor were performed and equipment

was furnished; that the allegations of the various answers of the several defendants inconsistent with the findings as related were untrue, and concluded that plaintiff Rounds was entitled to a judgment against Grove for $908 and that plaintiff Rounds was entitled to judgment against the defendants Dippolitos for that sum, and that that sum be adjudged a lien upon the Dippolitos' property. Although the findings do not show that a judgment for $908 against appellants was intended, the *judgment*, as entered, recites that plaintiff Rounds recover judgment against *all defendants* for $908, for work and labor performed upon and in the improvement of the land as described. (Garecht and Marks, doing business as Grading and Excavating Company, are parties defendant in this action and appeared by answer.) The court then found that the land be subjected to such lien and be sold to satisfy the judgment and lien, and that in case of a deficiency a judgment be docketed against defendant Grove in favor of plaintiff in such amount.

Defendant grading company requested, as part of the record on appeal, a copy of the judgment in case No. 57843, entitled *Garecht and Marks, doing business as Grading & Excavating Co.* v. *Joseph Dippolito, et al.*, defendants, which case was, by stipulation, consolidated with the present action for trial. The judgment there ordered that plaintiff have judgment against defendant Dippolito, et al., for $1,200 "provided, however, that there should be deducted from the judgment in favor of said plaintiffs the sum of $908 adjudged due and owing plaintiff C. E. Rounds by the defendants Joseph Dippolito, *et al.*, in action No. 58123." It is appellants' argument that the facts related in the findings in reference to the nature of the work performed by plaintiff had not created a lien on the Dippolitos' property within the meaning of sections 1183 and 1191 of the Code of Civil Procedure. Respondent contends otherwise.

The judgment roll shows in the instant case that defendants Joseph, Grace, Charles and Angelina Dippolito were the owners of the real property; that Joseph Dippolito agreed in writing with appellant here to have the 99 eucalyptus trees removed from the premises. By written subcontract appellant agreed with defendant McCoy and his agent Grove to sublet the balance of the original contract to him. By that agreement the subcontractor was to furnish all equipment, material, labor and insurance required to do the following work: "(1) to

remove all fallen trees from the premises; (2) to remove the stumps from the premises; (3) to clear and burn the brush and trimmings from the trees on the premises; (4) to fill in holes where trees and stumps have been removed on premises; and (5) to clear right of way satisfactory to owner of premises." It was further agreed that the excavating company's job would be complete "when all specified trees are pushed over and fallen."

By his answer Grove alleges that he entered into an oral agreement with plaintiff Rounds for the furnishing of a crane for the removal of logs and stumps from the land and that he paid plaintiff a substantial sum of money on account of such crane rental.

The Dippolitos appeared by answer and admitted that Joseph Dippolito entered into a written agreement whereby the defendant grading company agreed to remove the trees and roots from the property and that Charles Dippolito agreed to pay therefor the sum of $1,500 and that $300 was paid on the original contract and the balance was to be paid on the completion of the work. They claim that the work was so negligently performed that they lost 52 grape vines and suffered other damage, all totaling $332. They then admitted that McCoy and his agent Grove and others claim to have furnished labor and material in connection with the performance of the contract and that they owe someone $668, and ask that each set forth his respective claims and that the court adjudicate them.

The judgment entered in case No. 57843, *Grading Company v. Joseph Dippolito, et al.*, was rendered against the Dippolitos for the full contract price of $1,500, less the amount of $300 admittedly paid and less the amount of the judgment entered in the instant case, that is, $908. In effect it was a judgment in favor of the grading company for $292, with no right of lien against the property. Appellant can make no complaint in respect to the failure to declare a lien in its favor in this particular action because no lien was ever filed by it.

Just how appellant's interests are affected by the court's holding that Rounds is entitled to a lien against Dippolitos' property for services he performed is not clear. The Dippolitos are not complaining and have not appealed from the judgment. The only question that might involve this appellant is the amount of that judgment because it has been held to be an offset against appellants' judgment in the other action. The findings indicate that plaintiff performed that amount of

service and the judgment is rendered accordingly. Support for the judgment is therefore found in the findings and that is the only question that can be reviewed on this particular appeal. ■ On an appeal based on the judgment roll alone, the evidence cannot be reviewed and all intendments are in favor of the findings and judgment. (*Whitney* v. *Redfern,* 41 Cal.App.2d 409 [106 P.2d 919].)

■ The only question that may be properly considered on the appeal from the order denying the motion to vacate the judgment entered against this appellant in case No. 58123 arises from the wording of the judgment as entered. Appellant was named a party defendant in this action and appeared by answer. The trial court, whether inadvertently or otherwise, did give a judgment in favor of Rounds against specified defendants and against ''all defendants'' named, in the sum of $908. Since the court allowed an offset against appellant's judgment obtained in case No. 57843 in the sum of $908 and that judgment has become final, appellant should not be further penalized by having a judgment against it in this same amount in this case.

The judgment against the other named defendants has become final and cannot be disturbed on appellant's appeal from the order mentioned.

The order refusing to vacate the judgment against appellant for $908 in this action No. 58123 is reversed.

Barnard, P. J., concurred.

Mussell, J., being disqualified, did not participate herein.

A petition for a rehearing was denied November 22, 1949, and appellants' petition for a hearing by the Supreme Court was denied December 29, 1949.