Filed 5/23/18; Certified for publication 5/25/18 (order attached)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| AIRS AROMATICS, LLC,<br><br>    Plaintiff and Respondent.<br><br><br>    v.<br><br>CBL DATA RECOVERY<br>TECHNOLOGIES, INC.,<br><br>    Defendant and Appellant. | D072624<br><br><br><br>(Super. Ct. No.<br> 37-2011-00068533-CU-BC-EC) |

APPEAL from an order of the Superior Court of San Diego County,

Joel R. Wohlfeil, Judge.  Reversed and remanded with directions.

Gordon Rees Scully Mansukhani, Richard Paul Sybert, Joan B. Flaherty and

Patrick J. Mulkern for Defendant and Appellant.

Best Best & Krieger and Damian Michael Moos for Plaintiff and Respondent.

CBL Data Recovery Technologies, Inc. (CBL) appeals an order denying its

motion to set aside a default judgment entered in favor of Airs Aromatics, LLC (Airs).

CBL argues the default judgment was void pursuant to sections 580, subdivision (a) and

585, subdivision (c) of the Code of Civil Procedure because the trial court awarded damages in excess of that demanded in the complaint.[1] We agree and conclude the default judgment must be vacated.

## FACTUAL AND PROCEDURAL BACKGROUND

Airs sued CBL for breach of contract in 2011. The operative complaint alleged that Airs "suffered damages in an amount to be proven at trial, but estimated to exceed $25,000.00." The prayer likewise requested "damages in an amount to be proven." There was no other allegation in the complaint as to the amount of damages sought.

CBL filed an answer and engaged in discovery. The parties participated in a settlement conference in which Airs demanded $5 million to settle all claims. In August 2012, the parties stipulated to withdraw CBL's answer and allow Airs to obtain a default. A month later, Airs filed a Request for Court Judgment seeking over $3 million in damages. It also filed a document entitled, "Evidence of Damages" supporting the requested amount. The court held a default prove-up hearing and, in November 2012, entered default judgment against CBL in the amount of $3,016,802.90.

Years passed. CBL filed a motion in April 2017 to set aside the default judgment. Citing sections 580, subdivision (a) and 585, subdivision (c), CBL argued the court could not enter a judgment awarding damages greater than that specifically demanded in the

---

[1]     Further statutory references are to the Code of Civil Procedure.

2

complaint.[2]  It argued the default judgment was void and requested that it be vacated pursuant to section 473, subdivision (d).  Airs opposed the motion, arguing the default judgment was merely voidable, not void.  In addition, Airs argued the court could exercise discretion to deny CBL's motion on equitable grounds.

The court held a hearing and, in June 2012, denied CBL's motion.  It found CBL had adequate notice of the damages sought by Airs:

> "The Court finds the facts and circumstances of this case to be distinguishable from Rodriguez v. Cho (2015) 236 [Cal.App.4th] 742, 756.
>
> "Here, Defendant filed an Answer to Plaintiff's Complaint and asserted nine affirmative defenses; filed a Case Management Statement and attended a Case Management Conference ('CMC') at which the Court provided the parties trial and related dates; attended a Court managed settlement conference at which, according to Plaintiff, Plaintiff made a settlement demand of $5,000,000; stipulated that Defendant withdraw its Answer and 'a default judgment be entered against the defendant'; and was served with a Request to enter a default judgment in the amount of $3,016,965.03, which is actually greater than the amount of the Judgment entered against Defendant on November 2, 2012.

---

2       Section 580, subdivision (a) states in relevant part: "The relief granted to the plaintiff, if there is no answer, cannot exceed that demanded in the complaint, in the statement required by Section 425.11, or in the statement provided for by Section 425.115; but in any other case, the court may grant the plaintiff any relief consistent with the case made by the complaint and embraced within the issue."

Section 585, subdivision (c) provides that where no answer or responsive pleading has been filed, the court "shall enter the default of the defendant.  The plaintiff thereafter may apply to the court for the relief demanded in the complaint; and the court shall hear the evidence offered by the plaintiff, and shall render judgment in the plaintiff's favor for that relief, not exceeding the amount stated in the complaint, in the statement required by Section 425.11, or in the statement provided for in Section 425.115, as appears by the evidence to be just."

3

"The Court is satisfied that Defendant had adequate notice of the amount sought against it by Plaintiff, was provided a reasonable opportunity to defend itself and assumed the risk of an adverse Judgment in the amount ultimately entered against it in November 2012. In addition, the Court is persuaded by the reasons set forth in Plaintiff's opposition that this Judgment, under these circumstances, is not void and no good grounds exist to set it aside."

## DISCUSSION

CBL challenges the order denying its motion to set aside the default judgment. It argues the court erred in concluding the default judgment was not void. "We review de novo the trial court's determination that a default judgment is or is not void." (*Rodriguez v. Cho* (2015) 236 Cal.App.4th 742, 752 (*Rodriguez*).)

## A

"The relief granted to the plaintiff, if there is no answer, cannot exceed that demanded in the complaint." (§ 580, subd. (a).) The only exceptions to section 580 are personal injury or wrongful death cases and cases requesting punitive damages. (§§ 580, subd. (a), 425.11, 425.115). Neither of those exceptions applies to Airs's request for compensatory damages in this breach of contract action.

Other statutes parallel section 580's bright line rule. A complaint's demand must state the amount of damages sought, except in cases involving personal injury, wrongful death, or punitive damages. (§ 425.10, subd. (a)(2), (b).) In requesting a default judgment, a plaintiff "may apply for the relief demanded in the complaint." (§ 585, subd. (c).) The court "shall render judgment in the plaintiff's favor for that relief, not exceeding the amount stated in the complaint . . . as appears by the evidence to be just." (*Ibid.*)

4

Section 580 is strictly construed "in accordance with its plain language"—"a plaintiff cannot be granted more relief than is asked for in the complaint." (*In re Marriage of Lippel* (1990) 51 Cal.3d 1160, 1166 (*Lippel*).) A default judgment greater than the amount specifically demanded in the complaint is void as beyond the court's jurisdiction. (*Greenup v. Rodman* (1986) 42 Cal.3d 822, 826 (*Greenup*); see *Finney v. Gomez* (2003) 111 Cal.App.4th 527, 534 ["[T]he courts have reaffirmed the language of section 580 is mandatory. Therefore, 'in all default judgments the demand sets a ceiling on recovery.' "].)

Thus in *Becker v. S.P.V. Construction Co.* (1980) 27 Cal.3d 489, 493−494 (*Becker*), where a complaint sought damages " 'in excess of $20,000,' " the Supreme Court held that a default judgment awarding $26,457.50 violated section 580. Similarly in *Greenup, supra,* 42 Cal.3d 822, an award of $338,000 violated section 580 where the complaint sought compensatory damages " 'subject to proof at time of trial' " or " 'as the court deems just.' " (*Id.* at pp. 824−826.) According to the Supreme Court, the most that could have been awarded was $15,000 based on the jurisdictional allegation in the complaint that damages " 'exceed[ed] the jurisdictional requirements of this court.' " (*Id.* at p. 830.) Likewise, where "[t]he sole dollar figure cited in the complaint was a civil penalty for $10,000," a default judgment was "void for having exceeded that amount." (*Rodriguez, supra,* 236 Cal.App.4th at p. 755; see also *Falahati v. Kondo* (2005) 127 Cal.App.4th 823, 830−831 (*Falahati*) ["Where no amount of damages is demanded any amount awarded is by definition greater than the amount demanded."].)

5

Airs's complaint did not allege any specific damages amount. As in *Greenup*, Airs sought damages in an amount to be proven at trial and alleged they exceeded the $25,000 jurisdictional threshold. For the same reasons articulated in *Greenup*, the default judgment is void because it awards over $3 million in compensatory damages when the complaint at most gave notice of $25,000. (*Greenup, supra,* 42 Cal.3d at pp. 829−830.)

In denying CBL's set aside motion, the trial court erroneously focused on whether CBL had adequate notice, whether it had a reasonable opportunity to defend, and whether it had assumed the risk of an adverse judgment. But as CBL correctly argues, these inquiries are irrelevant. Section 580 requires *formal* notice of damages sought *through the complaint* and does not consider whether a defendant had actual or constructive notice. (*Greenup, supra,* 42 Cal.3d at p. 827 ["It is precisely when there is no trial, however, that formal notice, and therefore the requirement of section 425.10, become critical."]; *Stein v. York* (2010) 181 Cal.App.4th 320, 326 ["Under section 580 actual notice of the damages sought is not sufficient; due process requires 'formal notice.' . . . [C]onstructive notice of potential liability does not satisfy section 580."] (*Stein*); *Electronic Funds Solutions, LLC v. Murphy* (2005) 134 Cal.App.4th 1161, 1176 ["due process requires not only actual notice of the damages being sought, but 'formal notice' "] (*Electronic Funds*); *Dhawan v. Biring* (2015) 241 Cal.App.4th 963, 970 ["The case law favors a strict interpretation of section 580's requirement that a defendant be given formal notice—in the form of an amended complaint—of the extent of liability stemming from a decision to not appear in response to a complaint."] (*Dhawan*).)

6

Accordingly, courts have set aside default judgments that award more damages than requested in the complaint even where a defendant had *actual notice* of the damages the plaintiff sought.  Several cases have held that a statement of damages does not satisfy section 580 if the case does not involve personal injury or wrongful death.  (*Electronic Funds, supra,* 134 Cal.App.4th at p. 1176; *Levine v. Smith* (2006) 145 Cal.App.4th 1131, 1136; *Rodriguez, supra,* 236 Cal.App.4th at p. 755; *Dhawan, supra,* 241 Cal.App.4th at pp. 969−970.)  *Stein* held that section 580's formal notice requirement could not be satisfied even by the defaulting defendant's "active participation in discovery" and *attendance* at the default prove-up hearing.  (*Stein, supra,* 181 Cal.App.4th at pp. 326−327.)

This emphasis on *formal* notice stems from the policy goals at stake.  "Section 580, and related sections 585, 586, 425.10 and 425.11, aim to ensure that a defendant who declines to contest an action does not thereby subject himself to open-ended liability."  (*Greenup, supra,* 42 Cal.3d at p. 826.)  "[T]he primary purpose of the section is to guarantee defaulting parties adequate notice of the maximum judgment that may be assessed against them."  (*Ibid.*)  "The logic underlying this principle is simple:  a defendant who has been served with a lawsuit has the right, in view of the relief which the complainant is seeking from him, to decide not to appear and defend.  However, a defendant is not in a position to make such a decision if he or she has not been given full notice."  (*Lippel, supra,* 51 Cal.3d at p. 1166.)  It is because section 580 was "designed to insure fundamental fairness" that it must be strictly construed.  (*Becker, supra,* 27 Cal.3d at p. 494.)  The statute's policy objective would "[s]urely . . . be undermined if the door

7

were opened to speculation, no matter how reasonable it might appear in a particular case, that a prayer for damages according to proof provided adequate notice of a defaulting defendant's potential liability." (*Ibid.*)

*Greenup* is instructive. A plaintiff argued that a default judgment entered after discovery sanctions should be treated differently under section 580 than a default judgment entered for failure to answer. She claimed the defendants "entered irreversibly into an adversarial contest by filing a sufficient answer; having crossed that threshold, they may no longer claim the protection of section 580." (*Greenup, supra,* 42 Cal.3d at p. 827.) The Supreme Court rejected that claim. Although the defendants may have "deliberately thwarted her discovery efforts," this was "no less true of many defendants who fail to answer in the first instance." (*Id.* at p. 829.) The court explained that "no matter how reasonable an assessment of damages may appear in the specific case, we cannot open the door to speculation on this subject without undermining due process—a protection to which every defendant is entitled, even one as obstreperous and as guilty of reprehensible conduct as this defendant." (*Ibid.*)

In short, "[s]ection 580 . . . means what it says and says what it means: that a plaintiff cannot be granted more relief [on default judgment] than is asked for in the complaint." (*Lippel, supra,* 51 Cal.3d at p. 1166.) The sole dollar figure cited in Airs's complaint was that damages exceeded $25,000. The default judgment is void for having exceeded that amount. (*Greenup, supra,* at p. 830; *Rodriguez, supra,* 236 Cal.App.4th at p. 755.)

B

8

Challenging this result, Airs argues the default judgment in this case was merely *voidable*, not void.  A motion to set aside a default judgment on the ground it is *voidable* must be brought within six months of entry of default.  (§ 473, subd. (b); see *Manson, Iver & York v. Black* (2009) 176 Cal.App.4th 36, 42.)  Accordingly, Airs argues that CBL's motion, filed years after entry of default, was untimely.  Airs distinguishes *Greenup* and other cases cited by CBL as "inapposite because they fail to address the distinction between a void and voidable judgment."

Airs does not mention *Dhawan*, which considered this precise argument and held that a default judgment awarding damages in excess of the demand is *void*.  (*Dhawan, supra,* 241 Cal.App.4th at p. 975.)  As *Dhawan* suggests, Airs's assertion stands "at odds with the remaining body of case law, including consistent language from the California Supreme Court that a default judgment rendered in violation of section 580 is void or subject to collateral attack because it is beyond the court's jurisdiction to enter such a judgment."  (*Id.* at p. 974; see *Greenup, supra,* 42 Cal.3d at p. 826 ["a default judgment greater than the amount specifically demanded is void as beyond the trial court's jurisdiction"]; *Lippel, supra,* 51 Cal.3d at p. 1167 ["section 580 is to be interpreted, in accordance with its plain language, to deprive a trial court of jurisdiction to enter a judgment against a defaulting defendant which awards greater relief than that sought in the plaintiff's complaint"]; *Burtnett v. King* (1949) 33 Cal.2d 805, 807 [failure to stay strictly within section 580's statutory authorization "renders the judgment *void*"] (*Burtnett*); see also *Stein, supra,* 181 Cal.App.4th at p. 326 ["a default judgment in an amount greater than the amount demanded is void and subject to either direct or collateral

9

attack"]; *Electronic Funds, supra,* 134 Cal.App.4th at p. 1176 ["default judgments rendered in violation of section 580 are void"].)[3]

Nor does Airs's reference to "fundamental jurisdiction" change the analysis. As Airs argues, "jurisdictional errors can be of two types. A court can lack fundamental authority over the subject matter, question presented, or party, making its judgment void, or it can merely act in excess of its jurisdiction or defined power, rendering the judgment voidable." (*In re Marriage of Goddard, supra,* 33 Cal.4th 49, 56.) When a court merely acts in excess of jurisdiction, the judgment is only *voidable*, meaning the error is generally not subject to collateral attack. (*Lee, supra,* 168 Cal.App.4th at p. 564.) But a failure to comply with section 580 *is* subject to collateral attack (*Becker, supra,* 27 Cal.3d at pp. 492−493), indicating such a judgment is *not* merely voidable.

Airs proffers the rule suggested by Justice Edmonds's dissent in *Burtnett*—that a default judgment is void "[o]nly to the extent it includes a subject matter not embraced within the pleadings" and that "[w]here the subject matter is before the court by appropriate allegations of the complaint, a judgment which exceeds the demands of the

---

3    *Dhawan* distinguished the *Lee* and *Johnson* cases Airs relies on here, stating "neither opinion examined whether the complaint supported a damage award in compliance with section 580." (*Dhawan, supra,* 241 Cal.App.4th at pp. 973−974 [distinguishing *Lee v. An* (2008) 168 Cal.App.4th 558, 562 (*Lee*) and *Johnson v. E-Z Ins. Brokerage, Inc*. (2009) 175 Cal.App.4th 86, 98].) Airs's remaining cases likewise do not involve section 580. (*Barquis v. Merchants Collection Assn.* (1972) 7 Cal.3d 94, 116 [failure to plead facts in the complaint regarding venue as required under § 396a]; *People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 660 [premature summary judgment following bail bond forfeiture] (*American Contractors*); *In re Marriage of Goddard* (2004) 33 Cal.4th 49, 56 [noncompliance with evidentiary rule regarding proof of trial notice, § 594, subd. (b)].)

10

prayer is [merely] erroneous and subject to direct, but not collateral, attack." (*Burtnett, supra,* 33 Cal.2d at p. 812 (dis. opn. of Edmonds, J.).) The majority rejected that approach and concluded the default judgment was "void" because "the court wholly lacked jurisdiction" to award damages in excess of that requested in the complaint. (*Id.* at p. 807.) As *Burtnett* explains:

> "It is conceded, as it must be, that it is erroneous to grant relief in excess of the demand, as all the cases hold to that effect. If it is error, it must be for the reason that the judgment violates section 580 . . . , and that the violation consists in attempting to adjudicate matters beyond the issues made by the complaint. The only issues that may be litigated in a default proceeding are those presented by the complaint. As to other issues, those are not and cannot be litigated or adjudicated."

(*Id.* at p. 810.) The majority distinguished cases finding such a judgment "erroneous" because those cases did not consider whether the judgment was *void.* (*Id.* at p. 809.)[4]

As *Burtnett* makes clear, a default judgment that violates section 580 is void as beyond a court's "fundamental jurisdiction." (*Burtnett, supra,* 33 Cal.2d at p. 807, 809−810; see *Falahati, supra,* 127 Cal.App.4th at p. 830 ["A default judgment is void . . . if the court granted relief which it had no power to grant including a default judgment which exceeds the amount demanded in the complaint"].) "A void judgment can be attacked at any time" and "is not subject to a claim of laches." (*Falahati, supra,* at

---

4     Airs relies heavily on *American Contractors, supra,* 33 Cal.4th 653 to argue that the default judgment in this case could not be *void* where the court had jurisdiction over the parties and the subject matter. We are constrained to follow the specific holdings of *Burtnett, supra,* 33 Cal.2d 805 and *Becker, supra,* 27 Cal.3d 489 in concluding otherwise. To the extent Airs contends that the logic of *American Contractors* is inconsistent with earlier precedent regarding section 580, that argument is properly directed to the Supreme Court.

p. 831.) Thus, despite the nearly five-year delay, CBL could seek to set aside the default judgment at any time.

C

Airs next contends that even if the default judgment was void, the trial court had *discretion* not to set it aside. Airs argues the court properly denied CBL's motion on grounds of estoppel, inequitable and fraudulent conduct, and waiver. To address these claims, we briefly return to the applicable standard of review.

CBL moved to set aside the default judgment pursuant to section 473, subdivision (d), which provides in relevant part: "The court . . . may, on motion of either party after notice to the other party, set aside any void judgment or order." There are cases suggesting that "[t]he inclusion of the word 'may' means that even if the trial court determines the order or judgment was void, it still retains discretion to set the order aside or allow it to stand." (*Nixon Peabody LLP v. Superior Court* (2014) 230 Cal.App.4th 818, 822 (*Nixon Peabody*), citing *Talley v. Valuation Counselors Group, Inc.* (2010) 191 Cal.App.4th 132, 146 (*Talley*) and *Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 495 (*Cruz*).) But these cases uniformly decide that because the given order was *not* void, the court lacked discretion to set it aside. (*Nixon Peabody, supra,* at p. 822; *Talley, supra,* at p. 153; *Cruz, supra,* at p. 502.) They do not consider whether a court may properly decline to set aside a *void* judgment or order.

We question whether a trial court has such discretion in the context of section 580. Notwithstanding the word "may" in section 473, subdivision (d), cases interpreting section 580 appear to require reversal. (*Rodriguez, supra,* 236 Cal.App.4th at p. 755

12

["[w]e must reverse the order denying the motion to set aside the judgment"]; *Falahati,*
*supra,* 127 Cal.App.4th at p. 831 [trial court *erred* in denying motion to set aside default
judgment that was void]; see *Lippel, supra,* 51 Cal.3d at pp. 1163, 1173 [finding
underlying order void, court reversed denial of motion to vacate].)  This approach makes
sense given section 580's strict mandate.  "[B]y reason of the mandatory language of the
statute (the court *cannot* give a default judgment in excess of the demand), the court's
jurisdiction to render default judgments can be *exercised only in the way authorized by*
*statute.*  It cannot act except in a particular manner, that is, by keeping the judgment
within the bounds of the relief demanded."  (*Burtnett, supra,* 33 Cal.2d at p. 807; see
*Lippel, supra,* at p. 1167 [same].)  It would be anomalous for a court to lack fundamental
jurisdiction to enter a particular default judgment under section 580 but nevertheless
retain *discretion* under section 473, subdivision (d) to not set that judgment aside.  (See
*OC Interior Services, LLC v. Nationstar Mortgage, LLC* (2017) 7 Cal.App.5th 1318,
1330−1331 [where a court "lacks jurisdiction in a fundamental sense," the ensuing
judgment is " 'for all purposes a nullity' "].)[5]

In any event, even if the court were to retain discretion in the section 580 context,
the order before us does not indicate any exercise of discretion along permissible lines.
The court distinguished *Rodriguez* on the ground that CBL had adequate notice and

---

5      Applying an abuse of discretion standard would create different standards
depending on the "avenue[] of relief" chosen by CBL.  (*Falahati, supra,* 127 Cal.App.4th
at p. 829.)  On direct appeal, a default judgment that violates section 580 *must* be
reversed as void.  (*Stein, supra,* 181 Cal.App.4th at p. 327; *Electronic Funds, supra,* 134
Cal.App.4th at p. 1177.)

concluded the judgment was not, under these circumstances, void. For the reasons we have discussed, the court erred in its *foundational* determination of whether the default judgment was void or voidable. (*Talley, supra,* 191 Cal.App.4th at p. 146.) Because the court's decision was based on " 'improper criteria or incorrect legal assumptions,' " there is no room to evaluate whether it abused its discretion when it allowed the default judgment to stand. (*Los Angeles Gay & Lesbian Center v. Superior Court* (2011) 194 Cal.App.4th 288, 300 ["Such discretion must be exercised within the confines of the law."].)[6]

D

The only specific dollar amount in Airs's complaint refers to damages in excess of the $25,000 jurisdictional minimum. We could reverse and reduce the default judgment to that amount. (*Electronic Funds, supra,* 134 Cal.App.4th at p. 1177 [where complaint alleged damages in excess of $50,000, court would ordinarily "reduce the award to $50,000"]; *Greenup, supra,* 42 Cal.3d at p. 830 [where complaint alleged compensatory damages exceeding jurisdictional requirements, court could reduce award to $15,000].) But recent cases hold that "even where it is possible to modify a default judgment to a lesser amount warranted by the complaint, the court has discretion to instead vacate the underlying default and allow the plaintiff to amend the complaint and serve the amended complaint on the defendant." (*Van Sickle v. Gilbert* (2011) 196 Cal.App.4th 1495, 1529;

---

6    Airs points to the court's statement that it was persuaded by arguments in Airs's opposition brief to CBL's motion to vacate. Read in context, that statement pertained to the court's voidability finding. It does not suggest the court exercised discretion to deny CBL's motion based on any equitable arguments made in Airs's opposition brief.

14

see *Julius Schifaugh IV Consulting Service v. Avaris Capital, Inc.* (2008) 164 Cal.App.4th 1393, 1396, 1398 [trial court had discretion to either reduce the default judgment to the amount specifically mentioned in the complaint or set aside the default and permit the plaintiff to file an amended complaint].)

Accordingly, we vacate the default judgment and remand for further proceedings. Vacating the default judgment "does not vacate the default itself." (*Electronic Funds, supra,* 134 Cal.App.4th at p. 1177.) On remand, Airs may proceed with a new default prove-up hearing with the $25,000 damage limitation, or amend its complaint to state the full amount of damages sought. (*Ibid.*) If it pursues the latter option, "the default will be vacated, entitling defendants to either attack the pleadings, or answer the amended complaint." (*Ibid.*; see *Greenup, supra,* 42 Cal.3d at p. 830 ["If she so elects, she must serve her amended complaint on defendants, who will be entitled to file a new answer; all issues will then be at large, including liability."].)

15

DISPOSITION

The order denying CBL's motion to set aside the November 2012 default judgment is reversed, and the default judgment is vacated.  On remand, the trial court should allow Airs to (1) proceed with a new default prove-up hearing seeking up to $25,000 in damages or, in the alternative (2) amend the complaint to state the full amount of damages it seeks.  CBL is entitled to its costs on appeal.


DATO, J.

WE CONCUR:


AARON, Acting P. J.


IRION, J.

16

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| AIRS AROMATICS, LLC, <br><br> Plaintiff and Respondent. <br><br> v. <br><br> CBL DATA RECOVERY TECHNOLOGIES, INC., <br><br> Defendant and Appellant. | D072624 <br><br> (Super. Ct. No. 37-2011-00068533-CU-BC-EC) <br><br> ORDER CERTIFYING OPINION FOR PUBLICATION |

THE COURT:

On its own motion, the above opinion filed May 23, 2018 is certified for publication.

AARON, Acting P. J.

Copies to:  All parties