Filed 6/19/20

CERTIFIED FOR PARTIAL PUBLICATION[*]

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| AIRS AROMATICS, LLC,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>CBL DATA RECOVERY<br>TECHNOLOGIES INC.,<br><br>　　　Defendant and Appellant. | D075798<br><br><br><br>(Super. Ct. No. 37-2011-00068533-<br>CU-BC-EC) |

APPEAL from a judgment of the Superior Court of San Diego County,

Joel R. Wohlfeil, Judge.  Affirmed.

Gordon Rees Scully Mansukhani, Richard P. Sybert, Joni B. Flaherty, and Patrick

J. Mulkern for Defendant and Appellant.

Law Offices of Matthew P. Tyson and Matthew P. Tyson for Plaintiff and

Respondent.

In a prior appeal, we vacated a default judgment entered in favor of plaintiff Airs

Aromatics, LLC (Airs), concluding the trial court was without jurisdiction to award

---

[*]    Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for
publication with the exception of parts A, B.1, B.2, and B.3.a of the discussion.

damages in excess of that demanded in Airs's complaint for breach of contract. (*Airs Aromatics*, *LLC v. CBL Data Recovery Technologies*, *Inc.* (2018) 23 Cal.App.5th 1013 (*Airs I*).) We gave Airs the option on remand to proceed with a new default prove-up hearing seeking up to $25,000 in damages—i.e., the jurisdictional minimum alleged in its complaint—or amend the complaint to state the full amount of damages sought. Selecting the first option, Airs received a default judgment awarding it $25,000 in damages, $33,849 in prejudgment interest, and $614 in costs. (Code Civ. Proc., § 585, subd. (b).)[1]

After the court denied its set-aside motion under section 663a, defendant CBL Data Recovery Technologies, Inc. (CBL) appeals the second default judgment. CBL contends that Airs's failure to serve it with the default prove-up papers or a substitution of counsel form invalidates the judgment. In addition, CBL challenges the amount of damages awarded and the prejudgment interest award. Rejecting each of these contentions, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of CBL's alleged breach of a laptop repair service agreement with Airs. Airs alleged that CBL violated the confidentiality provisions of their agreement when it disclosed proprietary fragrance formulas stored on its Toshiba laptop to a competitor. In its complaint, Airs claimed it suffered damages in excess of the $25,000 jurisdictional minimum. During the course of litigation, CBL withdrew its

---

[1]     Further undesignated statutory references are to the Code of Civil Procedure.

answer and stipulated to a default. The trial court entered default judgment against CBL in the amount of $3,016,802. (*Airs I*, *supra*, 23 Cal.App.5th at p. 1016.)

In the prior appeal, we reversed and vacated the default judgment, concluding that by awarding damages in excess of that demanded in the complaint, the default judgment was void. (*Airs I*, *supra*, 23 Cal.App.5th at p. 1020.) Vacating the default judgment left CBL's default in place. (*Id.* at p. 1025.) On remand, Airs had the option to "(1) proceed with a new default prove-up hearing seeking up to $25,000 in damages or, in the alternative (2) amend the complaint to state the full amount of damages it seeks." (*Ibid.*)

Airs chose the first option, submitting the same expert witness declaration calculating royalty losses at over $3 million to support a damages award of $25,000. Relying on a choice-of-law provision in the parties' service agreement, Airs also sought prejudgment interest under New York law, calculated at a nine percent rate back to the September 2003 date of the alleged breach. Accepting the evidence submitted by Airs, the trial court entered default judgment in its favor on the papers, awarding Airs $25,000 in damages, $33,849 in prejudgment interest, and $614 in costs.

CBL moved to set aside the default judgment under section 663a, challenging Airs's alleged failure to serve CBL with the notice of default judgment hearing or substitution of counsel form and objecting that the judgment should be offset by amounts CBL had already paid to Airs. CBL also challenged the prejudgment interest award, arguing it was not authorized by Civil Code section 3287 or this court's remittitur directive in *Airs I*. Finally, CBL suggested Airs's complaint was barred under New

3

York's six-year statute of limitations.  Opposing the motion as untimely, Airs attached a declaration attesting to service of the substitution of counsel form.

In denying CBL's set-aside motion, the court noted it had been filed three days past the jurisdictional deadline.  (*Advanced Bldg. Maint. v. State Comp. Ins. Fund* (1996) 49 Cal.App.4th 1388, 1393−1394 (*Advanced*).)  Although it was an "academic" matter given this defect, the court was inclined to agree that Civil Code section 3287 did not authorize an award of prejudgment interest.  Based on the nature of Airs's allegations, damages from CBL's wrongful disclosure of confidential information were not readily ascertainable and instead required a judicial assessment of competing evidence.  Turning to the other contentions, the court found no service errors given CBL's default (§ 1010) and reasoned that any offset claims did not provide a basis to set aside the judgment.  It also concluded that CBL had "lost its right to assert" a statute of limitations defense by defaulting.

DISCUSSION

CBL argues the second default judgment should be vacated as procedurally improper and excessive in amount.  We reject both claims.

A.     *Having Defaulted, CBL Was Entitled To Neither Service Nor Participation in the Default Prove-Up Hearing*.

As it did before the trial court, CBL argues the default judgment must be vacated because it was not served with notice of the hearing or Airs's evidence.  CBL relies on section 587, which requires a plaintiff to file an affidavit of service for entry of default: "No default under subdivision (a), (b), or (c) of Section 585 or 586 shall be entered,

4

unless the affidavit is filed." CBL appears to conflate the entry of default with entry of *default judgment*. Our decision in *Airs I* vacated the default judgment but left the underlying default in place. (*Airs I*, *supra*, 23 Cal.App.5th at p. 1025.) Having defaulted, CBL was not entitled to service of the notice of hearing or supporting evidence that Airs would offer at that hearing. (§ 1010 ["No bill of exceptions, notice of appeal, or other notice or paper, other than amendments to the pleadings, or an amended pleading, need be served upon any party whose default has been duly entered or who has not appeared in the action or proceeding."]; *Sporn v. Home Depot USA*, *Inc.* (2005) 126 Cal.App.4th 1294, 1301 ["After the default was entered, defendant was no longer an active party in the litigation and thus was not entitled to any further notice."]; see generally, 7 Witkin, Cal. Procedure (5th ed. 2008) Proceedings Without Trial, § 175.)

Nor does CBL establish prejudice from the lack of service. "Entry of a defendant's default terminates that defendant's rights to participate in the litigation" (*Garcia v. Politis* (2011) 192 Cal.App.4th 1474, 1479), and cuts off a defendant's "rights to take any further affirmative steps in the litigation until either the default is set aside or a default judgment is entered" (*City of Riverside v. Horspool* (2014) 223 Cal.App.4th 670, 681). A defendant has no right to participate in a prove-up hearing. (*Devlin v. Kearny Mesa AMC/Jeep/Renault* (1984) 155 Cal.App.3d 381, 385.) Given that CBL had no right to participate, it cannot show that any service deficiency caused it harm. The same analysis

5

applies to CBL's complaint that the prove-up materials were filed by an attorney who had not formally substituted into the case.[2]

To the extent CBL seeks to vacate the default judgment because Airs did not file an affidavit under section 587 prior to the *default*, the argument fails for at least two reasons. Our record begins with the remittitur issued in *Airs I* in July 2018 and does not permit review of any alleged procedural deficiencies in the entry of default years earlier. (See Cal. Rules of Court, rule 8.204(a)(1)(C).) Moreover, CBL's own authority defeats such a claim. Noncompliance with the affidavit requirement in section 587 does not support setting aside a default judgment absent *prejudice*. (*Bae v. T.D. Service Co. of Arizona* (2016) 245 Cal.App.4th 89, 107; *In re Marriage of Harris* (1977) 74 Cal.App.3d 98, 102; Cal. Const., art. V, § 13.) Because CBL *stipulated* to the entry of default, it suffered no conceivable prejudice from any procedural deficiency before its entry.

The parties' initial briefs focused on whether various deficiencies rendered the default judgment void or merely voidable. Noting that CBL had timely appealed the default judgment, we requested supplemental briefing as to whether, under *Rounds v. Dippolito* (1949) 94 Cal.App.2d 412, 413 (*Rounds*) and *Patch v. Miller* (1899) 125 Cal. 240, 241 (*Patch*), this court had authority on direct appeal from the judgment to consider

---

2       Moreover, the record suggests CBL *did* receive service of the substitution of counsel form. In an attorney declaration, Airs's counsel explained that he filed the substitution of attorney form along with Airs's default judgment application and served that form on CBL by mail.

any alleged trial court errors irrespective of whether they rendered the default judgment void. Both parties agree that we have such authority.

Taking a scattershot approach, however, CBL goes on to identify various alleged errors that it claims we may "correct" on appeal. Other than its challenge to the *amount* awarded (which we address in section B, *post*), none of these so-called errors provide a basis to *correct* the judgment. As to alleged service issues, we have found no error and no prejudice for the reasons explained above. The court was statutorily permitted to enter a default judgment without conducting a hearing (§ 585, subd. (d)), and CBL cannot show prejudice where it had no right to participate at any hearing not held. And the clerk's ministerial act the same day remittitur issued in *Airs I*, making a docket entry

awarding Airs $0.00, did not render any subsequent prove-up proceedings procedurally "irregular."[3]

B.     *The Default Judgment Is Not Excessive.*

CBL next argues the default judgment is excessive because offsets were not applied and there was no basis to award prejudgment interest.  It also raises a new argument in its supplemental brief that insufficient evidence supports the $25,000 damages award.  We reject each of these claims.

1.     *Damages*

CBL claims "there is simply no credible evidence to support AIRS's claim that it has suffered damage in the amounts alleged."  Reiterating that Airs's "fantastic claims of damages are based simply on bringing in a laptop computer for a routine repair," CBL

---

[3]     For the first time in its supplemental brief, CBL also attempts to claim that the action is barred by New York's six-year statute of limitations, which accrues "at the time of the breach." (*Ely-Cruikshank Co. v. Bank of Montreal* (N.Y. 1993) 615 N.E.2d 985, 986; N.Y. CPLR § 213(2); see *ACE Sec. Corp., Home Equity Loan Trust, Series 2006-SL2 v. DB Structured Prod., Inc.* (N.Y. 2015) 36 N.E.3d 623, 628 [discovery rule inapplicable under New York law].)  Airs claims the breach occurred in 2003 for purposes of calculating prejudgment interest, but did not file its complaint until 2011.  Even assuming this claim is cognizable following CBL's default (see, e.g., *Kim v. Westmoore Partners, Inc.* (2011) 201 Cal.App.4th 267, 281−282 (*Kim*)), we do not entertain it here given CBL's failure to assert in its opening or reply briefs. (*Children's Hospital & Medical Center v. Bontá* (2002) 97 Cal.App.4th 740, 777 (*Children's*).)  And if we considered it, the claim would fail.  Our inquiry would be limited to whether the action was time-barred on its face, and the dates alleged in Airs's complaint do not render it per se untimely. (See *Los Defensores, Inc. v. Gomez* (2014) 223 Cal.App.4th 377, 382 [where defaulted defendant challenges default judgment on the basis that a complaint fails to state a cause of action, court's inquiry parallels that on general demurrer]; *Roman v. County of Los Angeles* (2000) 85 Cal.App.4th 316, 324 [general demurrer on statute of limitations grounds "is only permissible where the dates alleged in the complaint show that the action is barred"].)

8

points out that Airs claimed damages for periods in which its corporate status was suspended. Airs "went out of business in 2000, had its corporate status suspended by the State of California in 2002, and was not revived until 2011." We do not entertain this argument, which was raised "only in a supplemental postbriefing submission requested by the court." (*Children's*, *supra*, 97 Cal.App.4th at p. 777.) And if we considered it, the contention would fail.

"[E]ven when the allegations of a complaint do support the judgment a plaintiff seeks, he is not automatically entitled to entry of that judgment by the court, simply because the defendant defaulted. Instead, it is incumbent upon the plaintiff to *prove up* his damages, with actual evidence." (*Kim*, *supra*, 201 Cal.App.4th at p. 272.) On appeal, a defendant may challenge the sufficiency of the evidence supporting damages awarded in a default judgment. (*Id.* at pp. 288−289 [where instead of evidence, plaintiff offered "nothing more than his own conclusory demand for $5 million dollars from each defendant," his "effort to prove up his damages was wholly insufficient to sustain any award of damages in his favor"]; *Uva v. Evans* (1978) 83 Cal.App.3d 356, 364−365 [default judgment general damages award of $30,000 for an average dog bite was unconscionable and lacked evidentiary support where evidence showed plaintiff spent $182 in medical care and could incur an additional $2,150].)

But unlike these authorities, CBL fails to explain *why* the award of $25,000 in damages is excessive relative to the damages actually incurred. Airs submitted an expert declaration by forensic accountant Dr. Barbara C. Luna, who estimated the lost value of royalty interests in 24 fragrance formulas resulting from CBL's data breach. Luna opined

9

that Airs lost $55,643 in a single *quarter* as a result of CBL's breach. CBL makes no argument that these figures are unreliable, and the testimony of a single witness generally suffices for substantial evidence review. (*In re Marriage of Mix* (1975) 14 Cal.3d 604, 614.) The mere fact that Airs was not in business for some number of years does not eliminate the possibility of loss, particularly given Airs's claim that it was driven out of business by CBL's breach.

　　2.　　*Offsets*

Next, CBL faults the default judgment for not offsetting appellate costs awarded in *Airs I* or payments CBL allegedly made to Airs in partial satisfaction of the since-vacated $3 million default judgment. CBL relies on section 585, subdivision (a), which permits a clerk to enter default judgment "for the principal amount demanded in the complaint . . . or a lesser amount if credit has been acknowledged." Although the default judgment was entered by the *court* pursuant to section 585, subdivision (b) (and not by the clerk under subdivision (a)), pursuant to section 167, "[a]ny act required or permitted to be performed by the clerk of a court may be performed by a judge thereof."

The award of appellate costs in *Airs I* does not provide a basis to offset the default judgment. (See *Los Angeles Unified School Dist. v. Wilshire Center Marketplace* (2001) 89 Cal.App.4th 1413, 1419 [an award of appellate costs is not part of the trial court judgment and instead represents an *independent* judgment derived from the appellate ruling].) The proper procedure to seek appellate costs awarded in a successful appeal is to file and serve a costs memorandum before the trial court. (See Cal. Rules of Court, rule 8.278(c)(1).)

10

The other offset claim presents a closer question. Our record indeed suggests that CBL made partial payments toward the $3 million judgment. An attorney declaration submitted in support of CBL's set aside motion indicated that CBL had paid $12,784 to Airs "as part of a Georgia action to collect under the now-vacated 2012 judgment." An attached Bank of America document likewise indicates that this sum was garnished from a CBL account.

However, our record does not show that Airs *acknowledged* that CBL is entitled to a credit. (§ 585, subd. (a) [allowing default judgment for "a lesser amount if credit has been acknowledged"].) " 'All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Although we see no basis to correct the award on our record, CBL is not without a remedy. As the trial court explained, CBL may use the procedures under section 724.110 to demand acknowledgement from Airs of its partial satisfaction of the judgment. (See *Jhaveri v. Teitelbaum* (2009) 176 Cal.App.4th 740, 752−753.)[4]

---

[4]    Pursuant to section 724.110, subdivision (a), a judgment debtor "may serve on the judgment creditor a demand in writing that the judgment creditor execute, acknowledge, and deliver an acknowledgement of partial satisfaction of judgment." If the judgment creditor does not comply within the 15-day period allowed, the judgment debtor may seek a court order "determining the amount of the partial satisfaction" and requiring the judgment creditor to comply with the demand. (§ 724.110, subd. (b).)

11

### 3.    *Prejudgment interest*

Finally, CBL challenges the default judgment's award of $33,849 in prejudgment interest.  We conclude CBL has failed to show that the prejudgment interest award exceeded our remittitur directive or was erroneous under New York law.

### a.    *Remittitur directive*

CBL first contends that any award in excess of "the $25,000 cap" set by this court in the *Airs I* remittitur was unauthorized.  A "trial court has only such jurisdiction as is defined by the terms of the remittitur." (*Van Diest v. Van Diest* (1968) 266 Cal.App.2d 541, 545.)  In *Airs I*, our remittitur directed the trial court on remand to "allow Airs to (1) proceed with a new default prove-up hearing seeking up to $25,000 in damages or, in the alternative (2) amend the complaint to state the full amount of damages it seeks."  Airs chose the first option, and the court awarded damages of $25,000. (*Airs I*, *supra*, 23 Cal.App.5th at p. 1025.)

Contrary to CBL's claim, the remittitur merely placed a $25,000 "cap" on *damages*, not on the total amount of the judgment.  We vacated the previous default judgment based on the general rule that the plaintiff's demand in the operative complaint sets a ceiling on what it may recover through default judgment. (*Airs I*, *supra*, 23 Cal.App.5th at p. 1020; see generally *Sass v. Cohen* (2019) 32 Cal.App.5th 1032, 1039−1040.)  "For these purposes, the operative complaint must allege the amount of 'relief' sought for *damages*, but not prejudgment interest, attorney fees, or costs." (*Sass*, at p. 1040; see also *North Oakland Medical Clinic v. Rogers* (1998) 65 Cal.App.4th 824,

12

829 (*North Oakland*) [no specific request for prejudgment interest is required; a prayer for " 'such other and further relief as may be proper' " is adequate to support an award].)

  b.  *Permissibility of prejudgment interest award*

CBL's opening and reply briefs question Airs's right to recover prejudgment interest under Civil Code section 3287, subdivision (a).[5]  CBL argued in its set aside motion—and the trial court was inclined to agree—that Airs was not entitled to prejudgment interest under this statute.[6]  Indeed, Civil Code section 3287, subdivision (a) does not permit an award of prejudgment interest where the amount of damage, as opposed to the determination of liability, depends on a judicial determination based on conflicting evidence.  (*Duale-Mercedes-Benz USA*, *LLC* (2007) 148 Cal.App.4th 718,

---

[5] Subject to certain exceptions, "[a] person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day."  (Civ. Code, § 3287, subd. (a).)  Civil Code section 3287, subdivision (b) permits a discretionary award of prejudgment interest on unliquidated contractual claims, but only for a limited time period and only if the trial court finds that award reasonable in light of the factual circumstances.  (*Lewis C. Nelson & Sons*, *Inc. v. Clovis Unified School Dist.* (2001) 90 Cal.App.4th 64, 68−69; *North Oakland*, *supra*, 65 Cal.App.4th at pp. 828−829; see Civ. Code, § 3287, subd. (b).)

[6] The trial court lacked jurisdiction to consider this claim because CBL's set aside motion was untimely.  (*Advanced*, *supra*, 49 Cal.App.4th at pp. 1393−1394 [section 663a sets a *jurisdictional* deadline that cannot be extended by section 473 for mistake, inadvertence, or excusable neglect].)  But the remedy provided by sections 663 and section 663a does not supersede the remedy by appeal.  (*Rounds*, *supra*, 94 Cal.App.2d 412; *Patch*, *supra*, 125 Cal. at p. 241; see, e.g., *Ryan v. Rosenfeld* (2017) 3 Cal.5th 124, 130 ["the statutory basis for section 663 motions has a different purpose relative to appeals"].)  CBL timely appealed the entry of default judgment.  Thus, irrespective of whether the trial court could consider whether the award of prejudgment interest was proper on an untimely set aside motion, we may entertain that issue by direct appeal.

729.)  In its respondent's brief, Airs argues that $25,000 in damages exposure was readily ascertainable from the complaint, such that prejudgment interest on that amount could be imposed under Civil Code section 3287, subdivision (a).

Observing that Airs sought and apparently received prejudgment interest under *New York* law based on a choice-of-law provision in the parties' service agreement, we requested supplemental briefing as to whether the availability of prejudgment interest was properly analyzed under New York rather than California law.  In its supplemental brief, Airs argues that because the parties agreed that New York law would govern their agreement, New York law was properly applied to award prejudgment interest.  CBL curiously sidesteps the question.  The issue of what law governs the issue prejudgment interest in this case presents a question of law, subject to de novo review.  (See *Brown v. Grimes* (2011) 192 Cal.App.4th 265, 274.)  As we explain, Airs is correct that New York law applies.

California courts apply the principles in section 187 of the Restatement Second of Conflict of Laws (Second Restatement), "which reflect a strong policy favoring enforcement" of arm's-length contractual choice-of-law provisions.  (*Nedlloyd Lines B.V. v. Superior Court* (1992) 3 Cal.4th 459, 465, accord *Pitzer College v. Indian Harbor Ins. Co.* (2019) 8 Cal.5th 93, 100.)  Sections 186 to 207 of the Second Restatement cover the "Validity of Contracts and the Rights Created Thereby."  Section 187 of the Second Restatement which California courts follow, lies within the "General Principles" subheading.  A different section under the "Particular Issues" subheading addresses the precise question here.  Where parties validly choose a state's law "to govern their

14

contractual rights and duties" under section 187, that state's substantive law will govern the "measure of recovery for a breach of contract." (Rest.2d Conf. of Laws, § 207.) In turn, the "measure of recovery" includes a determination of "whether plaintiff can recover interest, and, if so, the rate, upon damages awarded him for the period between the breach of contract and the rendition of judgment." (*Id.*, § 207, com. e.)

As one federal court explained in synthesizing the Second Restatement's sections 187 and 207, "where the parties have validly chosen a state's law to govern the interpretation of their contract, that same law will determine the award of prejudgment interest." (*Granite Ridge Energy*, *LLC v. Allianz Global Risk U.S. Ins. Co*. (S.D.N.Y. 2013) 979 F.Supp.2d 385, 393 (*Granite Ridge*); Rest.2d Conf. of Laws, §§ 187, 207.) Although the dispute in *Granite Ridge* was centered in New Hampshire, New York law governed the calculation of prejudgment interest because the parties had agreed that their insurance policies would be "interpreted" according to New York law. (*Granite Ridge Energy*, at p. 393.)

California courts have not previously addressed whether to follow the Second Restatement's section 207. But this court has previously applied another section lying within the same "Particular Issues" subheading. (See *Mencor Enterprises*, *Inc. v. Hets Equities Corp.* (1987) 190 Cal.App.3d 432, 436 [applying Rest.2d Conf. of Laws, § 203].) Bearing in mind that "California usually follows the Restatement in every substantive field" (1 Witkin, Summary of Cal. Law (11th ed. 2019) Contracts, § 62), we apply the Second Restatement's section 207 to the choice of law question before us.

15

The service agreement between Airs and CBL contained this choice-of-law clause: "The parties agree that this agreement shall be construed and the relations of the parties shall be determined in accordance with the laws of the state of New York . . . ." Accordingly, New York law governs Airs's recovery of prejudgment interest. (*Granite Ridge*, *supra*, 979 F.Supp.2d at p. 393; Rest.2d Conf. of Laws, § 207 & com. e.)

Under section 5001(a) of the New York Civil Practice Law and Rules (N.Y. CPLR), prejudgment interest "shall be recovered upon a sum awarded because of a breach of performance of a contract." By its plain language, this statute mandates an award of prejudgment interest to a prevailing plaintiff in a breach of contract action. (*J. D'Addario & Co*., *Inc. v. Embassy Indus.*, *Inc.* (N.Y. 2012) 980 N.E.2d 940, 942.) "There is no requirement that the breaching party obtain some benefit from the wronged party's money for statutory interest to be paid." (*Ibid.*) Instead, the purpose of prejudgment interest is to make the aggrieved party whole by making the breaching party compensate it for its loss of use of the money. (*Id.* at pp. 942−943.)

New York sets statutory interest at a nine percent annual rate. (N.Y. CPLR § 5004; compare Civ. Code, § 3289, subd. (b) [California's 10 percent statutory rate].) "Interest shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred. Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." (N.Y. CPLR § 5001(b).)

16

Airs sued CBL for breach of contract. "In breach of contract cases, prejudgment interest is awarded from the date of the breach." (*Bison Capital Corp. v. ATP Oil & Gas Corp.* (S.D.N.Y. 2012) 884 F.Supp.2d 57, 59−60 [construing N.Y. CPLR § 5001].) Thus Airs requested nine percent annual interest from September 3, 2003, the date CBL allegedly breached the confidentiality provisions in the parties' laptop repair service agreement by disclosing proprietary fragrance formulas stored on the laptop to Airs's direct competitor. As Airs's proffer showed, CBL admitted that it had disclosed those formulas to a former employee and competitor in September 2003. In awarding Airs $33,849 in prejudgment interest at a nine percent rate, the court impliedly accepted the calculations offered by Airs.

Nowhere in its briefs does CBL suggest that prejudgment interest should have been calculated from a different date.[7] Nor does it argue the court made a mathematical error in calculating the award. Instead, it faults the court for not stating the date from which interest accrued on the face of the judgment. Under N.Y. CPLR section 5001(c), the accrual date for prejudgment interest "shall be specified in the verdict, report or

---

[7] Counsel for CBL claimed for the first time at oral argument that under New York law, in the event of a default, prejudgment interest on an award of damages is calculated from the date the default was entered, not the date of the alleged breach. Were we to reach this eleventh-hour contention, counsel did not cite, nor have we found, any support for that claim. Based on our review, *even* in the context of a default judgment, courts compute prejudgment interest under New York law from the date the breach occurred. (See *Mister Softee, Inc. v. Tsirkos* (S.D.N.Y. Nov. 23, 2015 No. 14-CV-1975-LTS-RLE) 2015 U.S.Dist.Lexis 158290, *5–*6, *18; *Continental Cas. Co. v. Contest Promotions NY, LLC* (E.D.N.Y. Mar. 28, 2016 No. 15-CV-501(MKB)) 2016 U.S.Dist.Lexis 40782, *18.)

decision."  Airs also highlights the omission and asks us to correct the judgment nunc pro tunc to indicate the date from which prejudgment interest was computed.  Both parties are mistaken.  New York's statutory requirement that a judgment must indicate the date from which prejudgment interest is computed reflects a *procedural*, rather than a substantive, rule.  "It is well established that while the courts generally enforce the substantive rights created by the laws of other jurisdictions, the procedural matters are governed by the law of the forum [citations]."  (*World Wide Imports*, *Inc. v. Bartel* (1983) 145 Cal.App.3d 1006, 1012 [distinguishing "the mode of procedure by which a legal right is enforced" from "the substantive law which gives or declares the right"]; see Rest.2d Conf. of Laws, § 122 ["A court usually applies its own local law rules prescribing how litigation shall be conducted even when it applies the local law rules of another state to resolve other issues in the case."], accord *Central Laborers' Pension Fund v. McAfee*, *Inc.* (2017) 17 Cal.App.5th 292, 345−346.)  Because the New York statute does not dictate the form of judgment that must be entered by a California court, no correction is necessary.

In summary, New York law was properly applied to the calculation of prejudgment interest based on the choice-of-law provision in the parties' agreement. Pursuant to New York law, Airs was entitled to prejudgment interest from the date of CBL's breach at a nine percent annual rate.  Accepting Airs's proffer that the breach occurred on September 3, 2003, the court awarded Airs $33,849 in prejudgment interest. CBL has not shown any error in this award.  Although New York law also requires a judgment to specify the date from which prejudgment interest is calculated (N.Y. CPLR

18

§ 5001(c)), that procedural requirement does not apply to the form of a judgment entered by a California court. Thus, we find no error in the prejudgment interest award.

## DISPOSITION

The judgment is affirmed. Airs is entitled to recover its costs on appeal.

DATO, J.

WE CONCUR:

AARON, Acting P. J.

IRION, J.