Filed 12/15/20  Radovic v. Brilliant CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MILAN RADOVIC, | B299736 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. PC057589) |
| v. | |
| RAPHAELE BRILLIANT, | |
| Defendant and Appellant. | |

APPEALS from an order of the Superior Court of Los Angeles County, Stephen P. Pfahler, Judge.  Affirmed.

Friedman + Bartoumian and Heywood G. Friedman for Plaintiff and Appellant.

Carter Sands and Eugene P. Sands for Defendant and Appellant.

_____

Plaintiff Milan Radovic obtained a default judgment of $359,523.34 against Raphaele Brilliant in his action for breach of contract and fraud. The trial court granted in part Brilliant's motion to set aside the default judgment by vacating the tort and exemplary damage awards, which reduced the judgment to the contract damages of $80,000, plus interest and costs. In her appeal, Brilliant contends that none of the causes of action state claims for damages and so the court should have vacated the default and default judgment. Radovic appeals contending that the court erred in vacating the tort and punitive damages awards. We affirm.

## BACKGROUND

I.    The litigation

Brilliant and Radovic were parties to a bulk sales contract under which Brilliant agreed to pay $90,000 to buy assets of a dog rescue and kennel business owned and operated by Radovic under the name Top Dog Resort LLC. Full payment was due by November 23, 2015. Relying on the contract, Radovic made plans to relocate to Michigan which included selling his home and wife's business, and finding employment there. He received $10,000 from Brilliant by the performance date. Thereafter, Brilliant continued to represent that she would perform the contract and began taking over the business. Two weeks later, Brilliant informed Radovic that she would not pay the purchase price and had decided to lease the premises. Radovic's ensuing complaint alleged breach of contract, promissory estoppel, false promise, and intentional and negligent misrepresentation, causing Radovic at least $478,000 in compensatory damages.

2

The complaint also prayed for punitive damages "for the willful and malicious conduct of Defendants."

Brilliant did not answer the complaint. Radovic sent Brilliant a letter dated April 18, 2017, notifying her that he intended to seek a default. The letter stated that the complaint sought $180,000 in damages for certain claims and $298,000 for others, and interest on the damages, costs, and expenses, including attorney fees, along with "exemplary damages and such other relief the Court deems proper." Attached to the notice were copies of the complaint and summons, and a draft notice of Radovic's request for entry of default.

II.    The default and default judgment

In response to Radovic's motion, the court entered Brilliant's default on May 2, 2017.

In June 2017, Radovic requested the court enter default judgment against Brilliant. In support of his motion, Radovic filed a statement of the case and supporting declarations. In his declaration, Radovic described the factual basis for the complaint and listed the items of damages he claimed to have suffered. In particular, Brilliant paid an initial $10,000 but never paid the $80,000 remainder by the due date of November 23, 2015. After that date, Brilliant repeatedly promised to make the remaining payments but never intended to do so. In reliance on her promises, Radovic continued his efforts to relocate his family and turned down an offer to purchase the business assets for $28,000 more than the contract price. Then, on December 6, 2015, Brilliant indicated that she refused to pay and that she had leased the property. Radovic declared he suffered $80,000 in benefit-of-the-bargain damages; $28,000 in lost profits; $51,506 in lost salary because his new job in Michigan was revoked and he

3

did not find new employment until June 2016; $135,000 in lost earnings from the business between November 2015 and June 2017, plus $45,000 in "punitive damages to offset the amount of attorney[ ] fees incurred in the prosecution of these claims as well as the enforcement of the judgment." In all, Radovic requested $339,506 in compensatory damages, plus $19,489.39 in interest, and $527.95 in costs, for a total of $359,523.34, plus $50,000 in punitive damages.

Radovic's counsel declared that he had administered a debtor's examination of Brilliant at which she testified that she had, among other things, received the complaint and *notice of default* package, including the explanatory letter listing the damages Radovic sought, both of which documents stated that Radovic was seeking in excess of $450,000 plus punitive damages.

The trial court entered default judgment against Brilliant on July 7, 2017, in the amount of $339,506 plus interest and court costs.

III.    The motion to vacate the default judgment

A year and a half later, in January 2019, Brilliant moved to vacate the default and default judgment. She contended that the default judgment was void as beyond the trial court's jurisdiction because the amount of damages awarded exceeded the amount alleged in the complaint, in violation of Code of Civil Procedure[1] section 580, with the result the judgment was subject to collateral attack at any time. Radovic's violation of section 580 occurred

_____

[1] All further statutory references are to the Code of Civil Procedure.

4

because he never served a statement on her identifying the amount of punitive damages he sought as required by section 425.115, subdivisions (b) and (f). Brilliant also challenged the contract damages on the ground the complaint failed to allege that Radovic had authority to sell Top Dog Resort's assets. She attacked the tort damages reasoning that the complaint did not state tort causes of action independent of the contract claim, and that Radovic failed to provide sufficient evidence to support his tort damages. Therefore, Brilliant argued, the complaint and prove up failed to state any claim for damages and so the court should vacate not simply the default judgment but the default as well.

The trial court granted Brilliant's motion in part. The court denied Brilliant's request to vacate the $80,000 in contract damages, citing the contract attached to the complaint. However, the court set aside the punitive damages award. The court also vacated the damages awarded for lost future employment opportunity, lost profits, and lost business earnings, noting that these items did not qualify as special contract damages and they were insufficiently supported by the prove-up package. The court then rejected Radovic's request to reargue the default prove up so as to adduce adequate evidentiary support for the damages beyond the $80,000.

The order amending the judgment reduced the default judgment to $80,000 in contract damages, plus prejudgment interest from the date Brilliant breached the contract, plus costs for a total of $93,503.28. Both Brilliant and Radovic filed timely appeals from the order modifying the judgment.

5

## DISCUSSION

I.     Collateral attack and jurisdiction

"When a defendant does not respond to a plaintiff's properly served complaint, the plaintiff may seek the entry of default and, thereafter, a default judgment." (*Sass v. Cohen* (2019) 32 Cal.App.5th 1032, 1039–1040.)

A defendant may attack a void judgment at any time and is not subject to a claim of laches. (§ 473, subd. (d); *Airs Aromatics, LLC v. CBL Data Recovery Technologies, Inc.* (2018) 23 Cal.App.5th 1013, 1022–1023.) We independently review the question of whether a default judgment is void. (*Airs*, at p. 1018.)

Section 580, subdivision (a) provides that the relief granted to the plaintiff against a defaulting defendant "cannot exceed that demanded in the complaint, in the statement required by Section 425.11, *or* in the statement provided for by Section 425.115." (Italics added.) The complaint "fixes 'a ceiling on recovery,' both in terms of the (1) type of relief and (2) the amount of relief" (*Sass v. Cohen*, *supra*, 32 Cal.App.5th at p. 1040), "but not prejudgment interest, attorney fees, or costs" (*ibid.*). As for punitive damages, while the amount of that relief cannot be pleaded in the complaint (§ 425.10, subd. (b)), section 425.115, subdivision (b) enables plaintiffs to preserve the right to seek punitive damages in a default judgment by serving on the defendant a statement of the amount (§ 425.115, subd. (f)). Procedural due process requires notice be given so that the defendant can decide whether to appear and defend. (*Yu v. Liberty Surplus Ins. Corp.* (2018) 30 Cal.App.5th 1024, 1031.)

Section 580 is mandatory and strictly construed " 'in accordance with its plain language.' " (*Airs Aromatics, LLC v. CBL Data Recovery Technologies, Inc.*, *supra*, 23 Cal.App.5th at

6

p. 1018.) A default judgment that exceeds the amount demanded in the complaint or in the statutory statement of punitive damages violates section 580 and is void as beyond a court's fundamental jurisdiction. (*Id*. at pp. 1022–1023.)

When assessing whether the default judgment *exceeds the relief* "demanded in the complaint" (§ 580, subd. (a)), we "compare the *total* compensatory relief granted by the default judgment to the *total* compensatory relief demanded in the operative pleadings." (*Sass v. Cohen*, *supra*, 32 Cal.App.5th at p. 1044.) We "add up the various, nonduplicative items of damages demanded; the grand total is the price of default." (*Id*. at p. 1045.) However, as "compensatory and punitive damages are different remedies in both nature and purpose, a 'demand or prayer for one is not a demand legally, or otherwise, for the other, or for both.' " (*Becker v. S.V.P. Construction Co.* (1980) 27 Cal.3d 489, 494–495.) Thus, we separately compare the total punitive damages demanded in the section 425.115 statement with the total punitive damages awarded in the default judgment.

Here, the compensatory relief sought in the complaint was $478,000. The amount awarded—$339,506—did not exceed the demand.

Nonetheless, as noted, section 580, subdivision (a) also precludes a judgment that exceeds "that demanded . . . in the statement provided for by *Section 425.115*" (italics added), i.e., in the punitive damages statement. Subdivision (b) of section 425.115 lists the items such a statement must contain to preserve the plaintiff's right to seek punitive damages, including the parties' names, the lawsuit, and the *dollar amount of punitive damages the plaintiff seeks*. The plaintiff may use the form laid out in the statute or serve a "substantial equivalent" of the

7

statement. (§ 425.115, subd. (b).) Service of the statement must be made on the defendant "before a default may be taken, if the motion for default judgment includes a request for punitive damages." (§ 425.115, subd. (f).)

In his appeal, Radovic first argues that the default judgment did not violate section 580 because even including the punitive damages, the total amount awarded was $118,000 less than the amount the complaint demanded for compensatory damages. Yet, as noted, compensatory and punitive damages are assessed separately when reviewing a default judgment against the amount demanded.

Next, Radovic argues that his attorney's April 18, 2017 letter to Brilliant notifying her of his intent to seek a default against her was the substantial equivalent of the statutory statement. Radovic cites his attorney's declaration that Brilliant admitted she received the explanatory letter listing the damages Radovic sought. He recites that where "the defendant admits receiving actual notice of the punitive damages sought it would be a travesty of justice, much less logic, to hold defendant did not have actual notice." (*Cummings Medical Corp. v. Occupational Medical Corp.* (1992) 10 Cal.App.4th 1291, 1298.)

Even assuming the April 18, 2017 letter constituted a substantial equivalent, it did not name a specific dollar amount for punitive damages. Rather, the letter stated that Radovic sought exemplary damages and such other relief the court deems proper. "Where no amount of damages is demanded any amount awarded is by definition greater than the amount demanded." (*Falahati v. Kondo* (2005) 127 Cal.App.4th 823, 830–831.) The only documents we located in the record that named an amount of punitive damages are the statement of the case and Radovic's

8

declaration, both filed as part of Radovic's prove up in support of the default judgment.  These prove-up documents do not qualify as substantial equivalents of the statutory statement because they were not served on Brilliant *before* Radovic sought entry of default as required in section 425.115, subdivision (f).  Hence, it is irrelevant that Brilliant admitted to having received those documents.

Accordingly, the award of punitive damages in the default judgment violated section 580.  The trial court did not err in addressing Brilliant's collateral attack on the default judgment.

II.     The trial court did not err in declining to vacate the contract damages.

Attacking the damages awarded Radovic for her breach of the contract, Brilliant repeats verbatim the argument raised in her motion to vacate the default judgment.  She contends that the complaint alleges Radovic operated the kennel that did business under the name of Top Dog Resort, a limited liability company, but omitted to allege, and Radovic failed to prove, that he was authorized to sell the company's assets, with the result that Radovic himself was not damaged.[2]  She adds that where all of the remaining causes of action are premised on the contract for which Radovic failed to *allege* he was personally damaged, the entire complaint fails to allege cognizable damage.

---

[2] Brilliant adds that the Franchise Tax Board suspended Top Dog Resort in May 2015.  Of course, even if she were capable of adducing that fact in a motion to vacate a judgment, it is irrelevant because Radovic, not Top Dog Resort, entered into the contract with Brilliant.

9

A default judgment cannot stand if the complaint's allegations fail to state a cause of action against the defaulting defendant. (*Kim v. Westmoore Partners, Inc.* (2011) 201 Cal.App.4th 267, 282.) Thus, we may interfere with a complaint that fails to state facts sufficient to constitute a cause of action. (*Ibid*.) In contrast, collateral attack will not lie for the claim that the judgment is not supported by substantial evidence (*Molen v. Friedman* (1998) 64 Cal.App.4th 1149, 1156) because, as Brilliant acknowledges, a default admits the well-pleaded allegations in a complaint. (*Kim*, at p. 281.) Thus, if "the well-pleaded allegations of the complaint do not state *any* proper cause of action, the default judgment in the plaintiff's favor cannot stand." (*Id.* at p. 282, italics added.) However, to the extent that the complaint states at least one cause of action, the default judgment based on that cause of action will stand. (See *id.* at p. 272 [as gatekeeper evaluating application for default judgment, trial court must ensure only appropriate claims "get through"].)

Brilliant's argument about the failure of the complaint to allege contract damages is unavailing because the complaint alleges at "all times . . . Radovic *owned* and operated a canine boarding and kennel operation." (Italics added.) Radovic repeated that fact in his prove-up declaration. Having defaulted, Brilliant did not file an answer raising the affirmative defense related to Radovic's authority to enter into the contract to sell. (Cf. *Berzon v. U.L.C. Corp.* (1969) 274 Cal.App.2d 690, 697 [authority to enter into agreement is affirmative defense].) Therefore, as the trial court explained in its ruling, Brilliant is deemed to have admitted the factual allegation that *Radovic owned* the assets listed in the contract and is precluded from

10

attacking that fact now. The contract cause of action remained viable.

III.   The tort causes of action

Brilliant contends that the tort causes of action, the third for false promise, and the fourth and fifth for fraud, failed to state claims for damages because they did not allege the breach of a duty independent of the obligations under the contract. She relies on *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* (1994) 7 Cal.4th 503, 515, that "[c]onduct amounting to a breach of contract becomes tortious only when it also violates an independent duty arising from principles of tort law. . . . "[A]n omission to perform a contract obligation is never a tort, unless that omission is also an omission of a legal duty." ' " Brilliant quotes the allegations of the complaint that she "*made repeated promises to deliver* the Payment . . . , but Brilliant never delivered the Payment" and "Brilliant *made repeated representations to Radovic that she would deliver the Payment*, but those representations were false and Brilliant never delivered the Payment." (Italics added.) She argues these allegations demonstrate that the complaint sounded only in contract.

Radovic responds that his complaint properly stated a cause of action for breach of contract and one for fraud based on *Lazar v. Superior Court* (1996) 12 Cal.4th 631. However, *Lazar* is distinguishable because that case involved the claim of fraudulent inducement to contract. (*Id*. at pp. 461, 648–649.) Radovic's complaint does not allege fraudulent inducement to contract.

Nonetheless, reviewing the complaint here, it alleges that Brilliant both breached the contract and committed a separate

11

legal wrong, namely fraud.  The complaint states that Brilliant breached the contract by failing to pay $80,000 by November 23, 2015, the time for performance.  Radovic had a cause of action for breach of contract at that point.  (Cf. *Church v. Jamison* (2006) 143 Cal.App.4th 1568, 1583 [breach of contract accrues when there has been a breach].)

The complaint goes on to allege that *after* the November 23, 2015 breach, Brilliant repeatedly promised she would buy the business assets, knowing she would not; she told employees that she was buying the business causing one to quit and forcing Radovic to work around the clock instead; she notified customers that Radovic was out of business; she began using the name Top Dog Resort without permission; and she continued to promise that she would buy the business until it was too late for Radovic to find another buyer.  Then, on December 6, 2015, two weeks after she breached the contract, Brilliant informed Radovic that she had entered into a lease for the property and would not be buying the business assets.  Radovic alleges that he relied on Brilliant's repeated representations that she would be buying the business assets by turning down another offer and by continuing to arrange for a move to Michigan.  For the negligent and intentional misrepresentation causes of action, Radovic alleges that despite Brilliant's representations that she would pay him, she never did.  " 'The necessary elements of fraud are: (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage.' " (*Alliance Mortgage Co. v. Rothwell* (1995) 10 Cal.4th 1226, 1239, capitalization omitted.)  The complaint states causes of action for both breach of contract and fraud.

12

IV.    Damages

Radovic contends that the trial court erred in denying him his claimed damages of $28,000 for the lost opportunity to sell the business for more than Brilliant's contract price, $51,506 for the lost employment opportunity in Michigan, and $135,000 in lost profits.  On appeal, he insists that these are proper measures of damage for Brilliant's fraud.

"[T]ort damages are awarded to compensate the victim for injury suffered.  [Citation.]  'For the breach of an obligation not arising from contract, the measure of damages . . . is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not.'  (Civ. Code, § 3333.)" (*Applied Equipment Corp. v. Litton Saudi Arabia Ltd*., *supra*, 7 Cal.4th at p. 516.)

A "defrauded party is ordinarily limited to recovering out-of-pocket damages.  [Citation.]  The out-of-pocket measure of damages ' "is directed to restoring the plaintiff to the financial position enjoyed by him prior to the fraudulent transaction, and thus awards the difference in actual value at the time of the transaction between what the plaintiff gave and what he received." ' " (*Fladeboe v. American Isuzu Motors Inc*. (2007) 150 Cal.App.4th 42, 66.)  Civil Code section 3343, subdivisions (a)(3) and (a)(4), involving fraud in the purchase or sale of property allows for lost profits as a component of " 'additional damage' " when the loss was proximately caused by the fraud.  (*Stout v. Turney* (1978) 22 Cal.3d 718, 726.)

Even assuming Radovic was entitled to these damages for Brilliant's fraud, his prove up provided insufficient evidence to make a prima facie case for damages.

Unlike the allegations of *liability* which are deemed admitted upon default and need not be proven, to obtain a default judgment, plaintiffs must prove entitlement to the damages claimed. (*Ostling v. Loring* (1994) 27 Cal.App.4th 1731, 1745.) A prove up may be done at a hearing based on an evidentiary showing with live testimony or, in the trial court's discretion, with affidavits or declarations setting forth "with particularity" the facts that are "within the personal knowledge" of the declarant. (§ 585, subd. (d).) In Los Angeles County, the submission of declarations pursuant to section 585, subdivision (d) is the preferred procedure to obtain a default judgment. (Super. Ct. L.A. County, Local Rules, rule 3.201(a).) The declarations must include sufficient evidence to establish a prima facie case of entitlement to the damages. (*Kim v. Westmoore Partners, Inc.*, *supra*, 201 Cal.App.4th at pp. 281, 287–288.) That is, although only a prima facie case need be made, the showing of a prima facie case must be based on evidence. (*Harbour Vista, LLC v. HSBC Mortgage Services Inc.* (2011) 201 Cal.App.4th 1496, 1503, fn. 6; cf. *Taliaferro v. Davis* (1963) 216 Cal.App.2d 398, 413 [finding for defendant where plaintiff adduced no evidence at default hearings to support counts].)

Radovic argued Brilliant's fraud caused him not to renew his lease, prevented the sale of the assets to another buyer by tying up the assets, while Brilliant leased the property out from under him, depriving Radovic of any future income from the business. Radovic stated in his prove-up declaration that as a consequence, he was "unable to earn money from the Business Assets Defendant took" from him and suffered what he called out-of-pocket damages in the amount of $135,000 from November 23, 2015 to June 15, 2017. But, Radovic provided no

14

explanation or evidence about how he arrived at this amount. Radovic also declared that he received an offer to purchase the business assets that was $28,000 more than his deal with Brilliant but did not accept it in reliance on Brilliant's promises.[3] And as noted, Radovic claimed $51,506 in damages caused by his inability to take the job in Michigan by December 14, 2015 and so the job offer was revoked. Radovic explained that he had accepted employment in Michigan with an annual salary of $100,000 plus benefits of approximately $15,600 per year. Although the numbers are specific and within Radovic's personal knowledge, they were not supported by any documentation. The trial court did not err in finding that Radovic's prove-up application lacked a sufficient showing of support for damages above the $80,000 benefit-of-the-bargain damages.

V.     The trial court properly declined to vacate Brilliant's default.

Brilliant contends that because the complaint fails to state any claim for damages, both the default and the default judgment must be reversed.[4] However, as analyzed, the complaint

---

[3] Insofar as this is a measure of contract and not tort damages, this offer was not a circumstance about which Brilliant was made aware and so this loss is not recoverable in contract. (See *Lewis Jorge Construction Management, Inc. v. Pomona Unified School Dist*. (2004) 34 Cal.4th 960, 968.)

[4] Brilliant's reliance on *Heidary v. Yadollahi* (2002) 99 Cal.App.4th 857 for this contention is misplaced. There, the default, as opposed to the default judgment, was void on its face because the trial court had no power to enter it. (*Id*. at p. 862.) That is not the case here.

adequately stated causes of action for contract and fraud.  The default judgment is only void to the extent the relief awarded exceeded the amount of punitive damages demanded.  As the challenged judgment only partially exceeded the trial court's jurisdiction, the court properly modified the judgment to save that portion of the judgment that was not void.  (*Becker v. S.P.V. Construction Co.*, *supra*, 27 Cal.3d at p. 495.)

Radovic contends that the trial court abused its discretion by rejecting his request to cure the evidentiary defects in his prove-up package.  He cites no legal authority and fails to specify what documents he would present at a new hearing.  We may not interfere with the trial court's determination of damages unless the award, or lack thereof, is " 'totally unconscionable and without evidentiary justification.' " (*Johnson v. Stanhiser* (1999) 72 Cal.App.4th 357, 361.)  Where " 'the issue on appeal turns on a failure of proof at trial, the question for a reviewing court becomes whether the evidence compels a finding in favor of the appellant as a matter of law.  [Citations.]  Specifically, the question becomes whether the appellant's evidence was (1) "uncontradicted and unimpeached" and (2) "of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding." ' " (*Sonic Manufacturing Technologies, Inc. v. AAE Systems, Inc.* (2011) 196 Cal.App.4th 456, 466.)  As Radovic failed to submit sufficient evidence of his damages, the trial court properly eliminated those damages from the default judgment.

## DISPOSITION

The order is affirmed.  Each party to bear its own costs of appeal.

NOT TO BE PUBLISHED.


DHANIDINA, J.


We concur:


LAVIN, Acting P. J.


EGERTON, J.