Filed 1/11/21  Busch v. T. Bear Investments CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| NOAH BUSCH, | |
| Plaintiff and Respondent, | G057633 |
| v. | (Super. Ct. No. 30-2017-00959910) |
| T. BEAR INVESTMENTS, LLC et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Glenn R. Salter, Judge.  Affirmed as modified.  Motion to augment.  Denied.

Zeiler Law Group and Kerry P. Zeiler for Defendants and Appellants.

Von Esch Law Group, Robert A. Von Esch, IV, and David V. Luu for Plaintiff and Respondent.

\*          \*          \*

Plaintiff Noah Busch sued T. Bear Investments, LLC and Edward Theodore Embry (collectively defendants) for violation of Business and Professions Code section 7031, subdivision (b)[1] and Penal Code section 496, subdivision (a).[2] After attempts to personally serve defendants were unsuccessful, Busch obtained a court order to serve defendants by publication. Defendants did not respond to the complaint, and the trial court entered their defaults and a default judgment against them. Defendants filed a motion to set aside the defaults and default judgment, which the trial court denied.

In denying the motion to set aside, the trial court made factual determinations and credibility judgments, which we do not reweigh on appeal. Defendants' arguments on the law are without merit.

However, the default judgment awarded damages in excess of the amount demanded in the complaint by awarding four times the compensatory damages rather than three times the compensatory damages when calculating treble damages. We will therefore modify the judgment by reducing the treble damages award to $354,246, for a total judgment of $550,994.30, and affirm the order denying the motion to set aside the defaults and default judgment.

PROCEDURAL HISTORY

The complaint sought disgorgement of the money paid by Busch to defendants for construction services, and treble damages. Busch alleged that defendants

---

[1] "[A] person who utilizes the services of an unlicensed contractor may bring an action in any court of competent jurisdiction in this state to recover all compensation paid to the unlicensed contractor for performance of any act or contract." (Bus. & Prof. Code, § 7031, subd. (b).)

[2] "Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, . . . shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170." (Pen. Code, § 496, subd. (a).)

were not licensed as contractors in California, and that, under Business and Professions Code section 7031, he was entitled to recover all the money he had paid to defendants. Busch further alleged that because defendants knowingly obtained money from him by "false or fraudulent representation or pretense"—namely, by claiming they were licensed California contractors when in fact they were not—they had committed theft and were subject to the treble damages provision of Penal Code section 496, subdivision (c).[3]

Busch applied for orders to permit service of the summons on defendants by publication pursuant to Code of Civil Procedure section 415.50 et seq. The applications were supported by a declaration from Busch's counsel, to which were attached affidavits of due diligence from process servers who had attempted to effect personal service between December 2017 and March 2018. On April 4, 2018, the applications were granted by the trial court, and notice was provided to defendants via publication in the Orange County Register.

On June 19, 2018, defendants' defaults were entered as requested. On July 17, 2018, Busch filed a request for entry of a default judgment. The request was supported by declarations of Busch and his attorneys. On July 31, 2018, the trial court entered a default judgment in the total amount of $728,117.30.[4] On August 7, 2018, notice of entry of judgment was served and filed.

On October 5, 2018, defendants filed a motion to set aside the defaults and default judgment pursuant to Code of Civil Procedure section 473, subdivision (b), on the sole ground that service had not been properly effected so as to give them notice of the action. Following briefing and a hearing, the trial court issued a tentative ruling, which

---

[3] "Any person who has been injured by a violation of subdivision (a) or (b) may bring an action for three times the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and reasonable attorney's fees." (Pen. Code, § 496, subd. (c).)

[4] The total award breaks down as follows: $177,123 in damages, $10,481.80 in prejudgment interest, $4,500 in attorney fees, $4,643.50 in costs, and $531,369 in treble damages.

3

found that service by publication was proper and that discretionary relief from the default should not be granted.

At defendants' request, the trial court continued the hearing on the motion to set aside to allow for an evidentiary hearing. After the hearing and the filing of supplemental briefs by the parties, the trial court denied the motion to set aside: "The motion of defendants to set aside the default and default judgment is DENIED. . . . At the defendants' request this Court held an evidentiary hearing. Based on the evidence submitted at that hearing, the review of all documents and argument submitted, and the credibility determinations of the Court, the Court finds that the defendants have not met their burden of proof under Evidence Code section 647." This appeal followed.

DISCUSSION

I.

*STANDARD OF REVIEW*

"'The standard for appellate review of an order denying a motion to set aside under section 473 is quite limited. A ruling on such a motion rests within the sound discretion of the trial court, and will not be disturbed on appeal in the absence of a clear showing of abuse of discretion, resulting in injury sufficiently grave as to amount to a manifest miscarriage of justice. Where a trial court has discretionary power to decide an issue, an appellate court is not authorized to substitute its judgment of the correct result for the decision of the trial court. [Citations.] ""The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court."' [Citations.]" [Citation.] The burden is on the complaining party to establish abuse of discretion, and the showing on appeal is insufficient if it presents a state of facts which simply affords an opportunity for a difference of opinion.' [Citation.] To obtain discretionary relief under section 473, the

4

moving party must show the requisite mistake, inadvertence, or excusable neglect. [Citations.]" (*McClain v. Kissler* (2019) 39 Cal.App.5th 399, 414.)

## II.

### *THE PRESUMPTION OF EVIDENCE CODE SECTION 647.*

"The return of a process server . . . upon process or notice establishes a presumption, affecting the burden of producing evidence, of the facts stated in the return." (Evid. Code, § 647.)  A presumption affecting the burden of producing evidence "require[s] the trier of fact to assume the existence of the presumed fact unless and until evidence is introduced which would support a finding of its nonexistence, in which case the trier of fact shall determine the existence or nonexistence of the presumed fact from the evidence and without regard to the presumption."  (Evid. Code, § 604.)

The court's order denying the motion to set aside found that defendants had not met their burden to overcome the Evidence Code section 647 presumption.  On appeal, defendants argue that the declarations submitted by the process servers in support of the application to serve defendants by publication were contrary to or repudiated by the testimony of those process servers in their depositions.[5]  Although one of the process servers could not in his deposition recall certain details of his attempts to serve defendants, he explained that he had conducted numerous stakeouts and services since the ones in question here, and also explained his standard procedures which he believed he followed here.  The trial court is the judge of credibility, whether the evidence is

---

[5] The parties agreed that the testimony of the witnesses at the evidentiary hearing, except Embry and his stepson, would be presented through deposition testimony as well as any declarations they had previously filed.

Defendants filed a motion to augment the appellate record with the deposition transcripts of the following witnesses:  Embry, Jennifer Porche, Shahrzad Taat, Aria Taghavi, Amber Thorne, and Marc Tropeano.  All of these deposition transcripts are already a part of the appellate record, as they were attached to the declaration of Robert A. Von Esch IV, which was submitted in support of Busch's supplemental memorandum of points and authorities after the evidentiary hearing.  We therefore deny the motion to augment.

presented by live testimony, deposition testimony, or declarations and affidavits. (*Whyte v. Schlage Lock Co.* (2002) 101 Cal.App.4th 1443, 1450.)[6]

## III.

### *SERVICE OF SUMMONS ON T. BEAR WAS VALID.*

Defendants contend that service by publication on T. Bear was invalid. Service on a California corporation is governed by Code of Civil Procedure section 416.10, which permits a corporation to be served by personal service on its registered agent for service of process, certain officers and managers of the corporation, a designated corporate agent, or the California Secretary of State. T. Bear, however, is not a California corporation. It is allegedly a limited liability company registered and in good standing in Arizona.[7] Embry admitted in his deposition that T. Bear was never registered in California and he had never registered the fictitious business name T. Bear Investments. The failure to attempt to serve T. Bear under Code of Civil Procedure section 416.10 does not make service by publication invalid.

Service of process on a foreign limited liability company that is not registered in California but transacts intrastate business within California may be made on the California Secretary of State. (Corp. Code, § 17708.07, subd. (d).) In a second supplemental memorandum of points and authorities, defendants argued that Busch failed to serve the summons on T. Bear through the Secretary of State although Busch was aware that T. Bear was an out-of-state entity, that it had not registered itself with the

---

[6]  In the appellants' reply brief, defendants for the first time argue that service could have been effected on Embry and T. Bear by serving the guard at the gate of Embry's community. An argument raised for the first time in a reply brief on appeal may be deemed forfeited. (*Gund v. County of Trinity* (2020) 10 Cal.5th 503, 525.)

[7]  This statement regarding T. Bear's business status was initially made in its first supplemental memorandum of points and authorities. However, the statement is unsupported by any evidence: no declarations regarding the company's status appear in the appellate record, nor do we find any documents from the Arizona Secretary of State or other similar agency.

6

California Secretary of State, and that the subject matter of the present lawsuit involves intrastate activity.

Busch noted in his supplemental memorandum of points and authorities that he was not aware that T. Bear was registered as a limited liability company in Arizona at the time he was trying to serve defendants. He was therefore unaware that service on the California Secretary of State was permissible.

Busch's supplemental memorandum also notes that although T. Bear was styled as a limited liability company, it was not registered as such with the California Secretary of State, and it was not registered as a foreign LLC doing business in California. The memorandum states that Busch was unaware whether T. Bear was actually an LLC in any state or whether Embry was "attempting to make himself look more important and official than he really was." The memorandum also states that Busch's attorney "performed extensive online research to locate the Defendants and found no address other than the addresses that the process servers were sent to as detailed above and below."

Given what was reasonably known and discoverable about T. Bear, there was no error in Busch's attempt to serve T. Bear under Code of Civil Procedure section 415.95, subdivision (a), as an entity of unknown form or status, by leaving a copy of the summons and complaint with the person apparently in charge of the business, followed by mailing copies. Because personal service on the person in charge of the business—Embry—could not be effected, service by publication became permissible on both defendants.

Again, the issue comes down to the credibility of the witnesses in their live testimony, deposition testimony, and declarations and affidavits—a matter that is the exclusive province of the trial court. Busch's attorneys testified they did not know T. Bear was a limited liability company registered in Arizona. T. Bear used an LLC designation, but was not registered with the California Secretary of State. Busch's

7

attorneys conducted further investigation in states in which a connection between T. Bear and Embry or his business associates could be found; Arizona was not one of those states. The attorneys therefore proceeded as if T. Bear was a "business organization, form unknown" (Code Civ. Proc., § 415.95, subd. (a)) and sought to serve the entity by personally serving Embry.

The trial court obviously found Busch's attorneys to be credible on this point. The finding is supported by substantial evidence, and the trial court did not err.

IV.

*THE JUDGMENT IS VOID AS TO THE CALCULATION OF TREBLE DAMAGES.*

Defendants argue that the damages awarded in the default judgment exceed the amount demanded in the complaint, making the judgment void as in excess of the trial court's jurisdiction. (Code Civ. Proc., § 580, subd. (a); *Airs Aromatics, LLC v. CBL Data Recovery Technologies, Inc.* (2018) 23 Cal.App.5th 1013, 1018.)

Defendants contend that only $169,123 was requested as compensatory damages in the complaint. This is incorrect; the complaint alleged that defendants should be ordered to disgorge the $177,123 they were was paid by Busch for construction services because they were not licensed or authorized to do business in California. The complaint also alleged that Busch was entitled to treble damages, statutory attorney fees and costs, and prejudgment interest.

The problem with the damages awarded is in the calculation of treble damages. The default judgment calculated treble damages as three times the compensatory damages *plus* the base amount of the compensatory damages; Penal Code section 496 allows "an action for three times the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and reasonable attorney's fees." Therefore, the default judgment's award of three times the amount of actual damages plus the amount of

8

actual damages is more than the amount sought by the complaint and in excess of the court's jurisdiction.[8]

This court has broad discretion to modify a judgment on appeal. (*American Enterprise, Inc. v. Van Winkle* (1952) 39 Cal.2d 210, 219; *Orthopedic Systems, Inc. v. Schlein* (2011) 202 Cal.App.4th 529, 547.) We exercise that discretion in this case to modify the default judgment to reduce the treble damages award to $354,246 (three times the $177,123 in damages less the original $177,123 in damages), for a total judgment of $550,994.30.

V.

*DEFENDANTS' REMAINING ARGUMENTS CANNOT BE REVIEWED ON AN APPEAL BECAUSE THEY WERE NEVER PRESENTED TO THE TRIAL COURT.*

Defendants raised several new arguments for the first time on appeal; some were raised for the first time in their appellate reply brief. "A party may not raise an issue for the first time on appeal [citation], and points raised for the first time in a reply brief on appeal will not be considered, absent good cause for failure to present them earlier [citation]." (*Nordstrom Com. Cases* (2010) 186 Cal.App.4th 576, 583.) We conclude good cause for the failure to present the issues to the trial court does not exist, and we will not exercise our discretion to rule on these forfeited matters for the first time on appeal. (*Piscitelli v. Friedenberg* (2001) 87 Cal.App.4th 953, 983.)[9]

---

[8] Although defendant raised this issue for the first time in the appellate reply brief, we will exercise our discretion to consider this as an issue of law based on undisputed facts. (*Rayii v. Gatica* (2013) 218 Cal.App.4th 1402, 1409.) This issue involves only basic math.

[9] These issues include: (1) whether the complaint contained allegations to pierce the corporate veil; (2) whether the cause of action for violation of Penal Code section 496, subdivision (a) can stand without a cause of action for fraud; (3) whether treble damages under Code of Civil Procedure section 1029.8 should have been capped at $10,000; (4) whether the remedies awarded by the trial court in the default judgment are supported by law; and (5) whether defendants showed their intent to defend against the lawsuit.

9

Defendants argue in their appellate reply brief that a complaint can be attacked for the first time on appeal if the judgment is not supported by substantial evidence. (See *Cedars-Sinai Medical Center v. Superior Court* (1998) 18 Cal.4th 1, 6-7 [new theory may be advanced on appeal if it is an issue of law based on undisputed facts and raises important question of public policy]; *Tahoe National Bank v. Phillips* (1971) 4 Cal.3d 11, 23-24 [failure to object to admission of extrinsic evidence at trial does not prevent argument on appeal that the extrinsic evidence conflicts with an interpretation to which a writing is reasonably susceptible]; *Kevin Q. v. Lauren W.* (2009) 175 Cal.App.4th 1119, 1136 [failure to object to statement of decision does not prevent party from arguing on appeal that a finding is not supported by substantial evidence]; *O'Neil v. Spillane* (1975) 45 Cal.App.3d 147, 156-157 [failure to file a demurrer does not preclude a party from arguing on appeal that the complaint did not state a cause of action].) None of the exceptions to the general rule of forfeiture identified in the cases cited by defendants applies here.

DISPOSITION

The default judgment is modified to reduce the treble damages award to $354,246, for a total judgment of $550,994.30. The order denying the motion to set aside the defaults and default judgment is affirmed except as to the amount of treble damages awarded in the default judgment. Each side is to bear its own costs on appeal.


FYBEL, J.

WE CONCUR:


___
MOORE, ACTING P. J.


ARONSON, J.

11