Filed 2/20/25  Ramsden v. Ramsden CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| SOILA RAMSDEN, Individually and as Trustee, etc., | D083916 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2019-00036989-CU-OR-CTL) |
| CHARLES GALLAGHER RAMSDEN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Richard S. Whitney, Judge.  Appeal dismissed.

The Stone Law Group and Kenneth H. Stone for Defendant and Appellant.

Law Offices of Beatrice L. Snider and John L. Romaker for Plaintiff and Respondent.

Charles Bennett Ramsden (Charles B.) died in 2017. The parties in this case are his widow, Soila Ramsden, and his son, Charles Gallagher Ramsden (Charles G.). They dispute who is entitled to the family home.

After his father's death and purportedly acting as trustee of a family trust, Charles G. transferred the property to himself, which prompted Soila to file a lawsuit against him. Soila asserted causes of action to quiet title, to cancel the instruments Charles G. recorded against the property, and for damages on multiple theories. When Charles G. did not respond to the complaint, the court entered a default judgment. Soon thereafter, he moved to set aside the judgment, which was granted "in part." He then filed a renewed motion to set aside the judgment, which was denied.

Charles G. seeks to appeal the latter denial. For reasons we explain, we conclude that he is attempting to appeal from a nonappealable interlocutory order. We do not have jurisdiction to entertain such appeals, and therefore we must dismiss this appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

Charles B. and Rose Ramsden—his first wife and Charles G.'s mother—created the "Ramsden Family Trust dated August 12, 1994" (the 1994 trust) and deeded their family home to the trust. Rose died in 1998, and Charles B. married Soila in 2001. Charles B. and Soila subsequently transferred the home to themselves in their individual capacities, then to another trust, and ultimately to the "Ramsden Family Trust dated July 22, 2013" (the 2013 trust). Charles B. died a few years later, in October 2017.

Charles G. believes he inherited the family home pursuant to the 1994 trust. One month after Charles B.'s death, in November 2017, Charles G. recorded two instruments against the property: (1) an affidavit of death,

wherein he averred that he was the successor trustee of the 1994 trust; and (2) a grant deed transferring the home to himself in his individual capacity.

Soila maintains that she is the rightful owner of the house according to the 2013 trust. In July 2019, she filed a complaint against Charles G. asserting six causes of action: (1) quiet title; (2) cancellation of instruments; (3) slander of title; (4) civil theft; (5) financial elder abuse; and (6) double damages (Prob. Code, § 859). In the latter four claims, Soila alleged that she was entitled to compensatory, punitive, and double damages, as well as attorney's fees and costs, in amounts to be proven.

Charles G. did not respond to the complaint. The trial court entered default in September 2020. A combined default prove-up hearing (see Code. Civ. Proc.,[1] § 585) and quiet title evidentiary hearing (see § 764.010)[2] was held in October 2022. Charles G. did not make a formal appearance, but a law clerk from the firm representing him attended the hearing.

Following the combined hearing, the trial court entered judgment on October 13, 2022. It declared that Charles G. had no interest in the family

---

[1] Further undesignated statutory references are to the Code of Civil Procedure.

[2] "Because of the unique nature of a quiet title action—seeking to declare rights 'against all the world'—the normal procedural rules for a default judgment set forth in section 580 do not apply. (*Paterra v. Hansen* (2021) 64 Cal.App.5th 507, 532.) "Under section 580, in a non-quiet-title action . . . , after an entry of default and before a default judgment, the plaintiff must present evidence at a hearing (with witnesses or by documents) to prove up the claimed damages or other relief requested, and the defendant cannot participate in this hearing." (*Paterra*, at p. 532.) In contrast, under section 764.010, after a defendant defaults in a quiet title action, "the plaintiff must prove the merits of its claim and the grounds for the relief sought with admissible evidence at a live hearing in open court and the defendant has a right to participate at this hearing." (*Paterra*, at p. 532.)

home and that both instruments he recorded were void or voidable. The court also awarded Soila $238,200 in punitive damages, $1,828,400 in double doubles, and $17,867.50 in attorney's fees and costs.

A few weeks later, in November 2022, Charles G. filed a motion to set aside the default judgment (§ 473, subd. (d)).[3] He argued the judgment was void on two grounds. First, under section 580, subdivision (a), the court could not award Soila more damages than what she had demanded in her complaint or described in a statement of damages, and here she failed to specify damages in her complaint and did not serve any statement of damages. Second, he contended the court did not hold a proper quiet title evidentiary hearing because it only considered Soila's documentary evidence and argument from her counsel.

On February 3, 2023, the court granted the motion "in part." It agreed with Charles G.'s first argument, so it deemed its judgment void as to the damages, attorney's fees, and costs. The court rejected his second argument, however, explaining that it rendered judgment based on the evidence that was presented. It gave him an opportunity to present his own evidence and argument at the hearing; it could not control whether he took advantage of that opportunity. The court therefore saw "no reason to find the judgment as to quiet title is void" and declared the rest of its judgment—i.e., quieting title and voiding the instruments—"valid and enforceable."

---

[3] Section 473, subdivision (d) grants the court authority to "set aside any void judgment or order."

4

At this point, presumably to address the damages issue, Soila sought leave of court to file her First Amended Complaint (FAC).[4]  The court granted the request and deemed the FAC filed and served in April 2023. The FAC realleges all the same causes of action as the original complaint, except it omits the civil fraud claim.  It specifies the amount of damages, attorney's fees, and costs sought for the slander of title, financial elder abuse, and double damages claims.

Charles G. then filed a "motion to set aside entry of default judgment against [him] based on new facts" under sections 473, subdivision (d) and 1008, subdivision (b).[5]  He specifically asked the trial court to set aside its October 13, 2022 default judgment and its February 3, 2023 order granting "in part" his initial motion to set aside the judgment (which he calls the "amended" default judgment).  He asserted that the filing of the FAC constituted "new and different facts and circumstances" justifying the relief sought.

As he reasoned, the FAC superseded the original complaint, thereby voiding the default judgment and the so-called "amended" default judgment,

---

[4]    When a judgment is void because it awards more damages than what was demanded in the complaint or in a statement of damages, the plaintiff may proceed with a new default prove-up hearing, subject to a limitation on damages equal to the amount of damages actually demanded, or to the amount-in-controversy jurisdictional minimum.  (*Airs Aromatics, LLC v. CBL Data Recovery Technologies, Inc.* (2018) 23 Cal.App.5th 1013, 1018–1019, 1025.)  Alternatively, the plaintiff can amend their complaint to specify the full amount of damages sought, which vacates the default and gives the defendant a chance to respond to the amended complaint.  (*Id*. at p. 1025.)

[5]    Section 1008, subdivision (b) allows "[a] party who originally made an application for an order which was refused in whole or part, or granted conditionally or on terms, [to] make a subsequent application for the same order upon new or different facts, circumstances, or law . . . ."

which were based on the original complaint. Moreover, the FAC included substantive amendments—insofar as it added damages—which "opened" the entry of default. Referencing *Le Francois v. Goel* (2005) 35 Cal.4th 1094, Charles G. also pointed out that the court had inherent power to reconsider its previous orders on its own motion, and on that basis invited the court to reconsider whether it conducted a proper quiet title evidentiary hearing.

The motion was denied on December 15, 2023. The court reiterated that it already set aside "the portion of the judgment that was void" based on the failure to specify damages. It was not convinced that the filing of the FAC voided the rest of its judgment because the authorities Charles G. cited in his moving papers were factually distinguishable. The court seemed to accept the premise that adding damages to the FAC constituted a substantive amendment. But in the court's view, that simply meant Soila needed to serve Charles G. with the FAC, which she did.

Charles G. noticed an appeal from the court's December 15, 2023 order. Before briefing began, we asked the parties to submit letter briefs addressing the appealability of this order. Both parties filed responses, which we indicated would be considered with the appeal itself.

### DISCUSSION

Charles G. purports to appeal from the December 15, 2023 order denying his "motion to set aside entry of default judgment . . . based on new facts" under sections 473, subdivision (d) and 1008, subdivision (b). (Capitalization omitted.) He characterizes this as an appealable order after judgment within the meaning of section 904.1, subdivision (a)(2). We disagree.

"The right to appeal in California is 'entirely statutory and subject to complete legislative control.'" (*Meinhardt v. City of Sunnyvale* (2024)

6

16 Cal.5th 643, 651 (*Meinhardt*).) Thus, "an appellate court generally lacks jurisdiction to decide an appeal from an order unless the order is one that is expressly made appealable by statute." (*Id*. at p. 652.) Section 904.1 sets forth a list of appealable judgments and orders in unlimited civil cases.

Primarily, section 904.1, subdivision (a)(1) authorizes an appeal "[f]rom a judgment, except an interlocutory judgment" (with further exceptions not relevant here). This means that, generally, "an appeal must be taken 'from a judgment that is not intermediate or nonfinal but is the one final judgment." (*Meinhardt*, *supra*, 16 Cal.5th at p. 652.) "Judgments that leave nothing to be decided between one or more parties and their adversaries, or that can be amended to encompass all controverted issues, have the finality required by section 904.1, subdivision (a). A judgment that disposes of fewer than all of the causes of action framed by the pleadings, however, is necessarily 'interlocutory' [(*ibid*.)], and not yet final, as to any parties between whom another cause of action remains pending." (*Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 741 (*Morehart*).) "This one final judgment rule is a fundamental principle of appellate practice, the purpose of which is to prevent piecemeal disposition and multiple appeals that tend to be oppressive and costly." (*Meinhardt*, at p. 652, citations & quotation marks omitted.)

Many interlocutory orders are not statutorily appealable, though section 904.1 lists a handful of exceptions. (See *Meinhardt*, *supra*, 16 Cal.5th at pp. 652–653.) The statute also expressly permits an appeal "[f]rom an order made *after* a judgment made appealable by paragraph (1)." (§ 904.1, subd. (a)(2), italics added.) "An order granting or denying a statutory motion to vacate or set aside a default and default judgment is appealable under section 904.1, subdivision (a)(2) as an order made after final judgment." (*Shapell Socal Rental Properties, LLC v. Chico's FAS, Inc.* (2022) 85

7

Cal.App.5th 198, 207, fn. 2.) But again, to invoke this theory, the underlying judgment must be final. (§ 904.1, subd. (a)(2); see also Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2024) ¶ 2:172.)

Here, the December 15, 2023 order cannot be an appealable order after judgment, because there is no final judgment in this case yet. When the trial court granted Charles G.'s motion to set aside the judgment "in part" on February 3, 2023, it revived the litigation, at least as to the slander of title, financial elder abuse, and double damages claims. Indeed, the register of actions shows that, after the December 15 order, Charles G. filed a demurrer and a motion to strike, which were apparently denied, and then an answer to the FAC. There is a status conference scheduled for April 2025.[6] Regardless of the court's rulings on the quiet title and cancellation of instruments claims, the fact that there are still issues to be litigated and decided means there is no final judgment in the case. (See *Morehart*, *supra*, 7 Cal.4th at p. 743 ["an appeal cannot be taken from a judgment that fails to complete the disposition of all the causes of action between the parties even if the causes of action disposed of by the judgment have been ordered to be tried separately, or may be characterized as 'separate and independent' from those remaining"].)

---

[6] On our own motion, we take judicial notice of the register of actions as of January 8, 2025. (See Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

We also see no basis to construe the December 15, 2023 order as an appealable interlocutory order. The law is clear that an order denying a renewed motion under section 1008, subdivision (b) is not appealable. As this court explained in *Tate v. Wilburn* (2010) 184 Cal.App.4th 150, allowing a party to appeal the denial of a renewed motion would create the possibilities that "(1) a nonappealable order or judgment would be made appealable, (2) a party would have two appeals from the same decision, and (3) a party would obtain an unwarranted extension of time to appeal . . . ." (*Id*. at pp. 158–159.)

Finally, we decline Charles G.'s invitation to treat his appeal as a petition for writ of mandate. He ultimately seeks to argue that the trial court erred in adjudicating the quiet title and cancellation of instruments claims because it did not consider defense evidence at the hearing, and that it erred in attempting to validate a partial judgment on those claims despite granting the motion to vacate the judgment and despite the filing of the FAC. But Charles G. fails to meaningfully explain why we must address these issues *now*, as opposed to on appeal from the final judgment.[7] Although we "have power to treat [a] purported appeal as a petition for writ of mandate, we should not exercise that power except under unusual circumstances." (*Olson v. Cory* (1983) 35 Cal.3d 390, 401.) We perceive no such circumstances here.

---

[7] We express no opinion on the merits of these arguments.

## DISPOSITION

The appeal is dismissed.  Respondent is entitled to costs on appeal.


DATO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


BUCHANAN, J.