Filed 2/13/26  Covarrubias v. Wanhoo CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| MARK COVARRUBIAS et al., | |
| Plaintiffs and Respondents, | E084650 |
| v. | (Super.Ct.No. CVRI2204870) |
| WANHOO, LLC, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Christopher B. Harmon, Judge.  Reversed and remanded with instructions.

Law Offices of Bin Li & Associates, Bin Li, and Leah Smolker for Defendant and Appellant.

C. Reginald Taylor and Roy F. Crumity for Plaintiffs and Respondents.

This lawsuit arises out of a failed real estate transaction.  Defendant appeals from a $419,214.75 default judgment and the denial of its motion to vacate the judgment.  We find the judgment void because the complaint lacked a demand for a specific amount of

compensatory damages and plaintiffs failed to give the statutorily required notice of punitive damages. We reverse and remand for further proceedings.[1]

FACTS

Plaintiffs and respondents Mark Covarrubias and Sandra Patricia Cecil allege they contracted for defendant and appellant Wanhoo, LLC (Wanhoo) to build them a new home on a vacant lot in San Jacinto, California. The agreement was that Wanhoo would build the home to certain specifications and by a certain date, and the property would be conveyed upon completion. Instead, nearly two years after the specified closing date, Wanhoo "unilaterally terminated" the agreement because plaintiffs "'failed to deposit into escrow written verification of lender's unconditional loan commitment,'" which plaintiffs dispute. Plaintiffs allege Wanhoo had no intent to perform, but instead intended to defraud them of their initial deposit.

The complaint is framed as four causes of action: (1) breach of contract; (2) fraud/deceit; (3) violation of Business and Professions Code section 17200; and (4) injunctive relief under Business and Professions Code section 17200. The prayer states plaintiffs seek compensatory, consequential, and special damages for loss of income, but without stating any amount; punitive damages of $1 million; pre-judgment interest; attorney fees under Business and Professions Code section 17200; "the amount foreseeably calculated as a result of the inducement of the Contract"; and "such further relief as the Court considers just and proper." The body of the complaint also lacks any

_____

[1] Undesignated statutory references are to the Code of Civil Procedure.

2

allegations of specific compensatory damages amounts, though it says "the alleged damages exceed the minimum amount necessary to confer jurisdiction in this Court."

The written contract between plaintiffs and Wanhoo is attached to the complaint. The contract states a purchase price of $356,990 and reflects a deposit of $2,000, with down payment, amount due at close, and estimated closing costs to be determined ("TBD").

Wanhoo did not respond to the complaint, and plaintiffs requested entry of default and later default judgment. Plaintiffs' request for judgment was granted in part; the court found "no basis/insufficient showing" to award punitive damages, but it entered default judgment in their favor for $419,214.75. That amount consists of $373,241 in compensatory damages, $41,858.40 in prejudgment interest, $3,500 in attorney fees, and $615.35 in costs. The damages amount was based on the contract's $356,990 purchase price, plus costs plaintiffs describe as "a foreseeable consequence" of Wanhoo's breach, including the loss of their initial deposit, purchase of a refrigerator and unspecified "Home Good Items," and increased rental costs.

Wanhoo moved to vacate the judgment as void.[2] The court denied the motion, finding "no evidence the judgment is void."

---

[2] "The court may, upon motion of the injured party . . . set aside any void judgment or order." (§ 473, subd. (d).)

DISCUSSION

Wanhoo argues the complaint does not support a default judgment in any amount, or in the alternative the judgment should have been limited to $25,000.[3] We find no default judgment should have been granted. The complaint does not allege compensatory damages in any amount with the required specificity to support a default judgment. Moreover, because plaintiffs did not serve a statement of damages per section 425.115 before entry of default, no award of punitive damages could have been appropriate.

With specified exceptions, "[t]he relief granted to the plaintiff, if there is no answer, cannot exceed that demanded in the complaint . . . ." (§ 580, subd. (a).) "[T]he primary purpose of [section 580] is to guarantee defaulting parties adequate notice of the maximum judgment that may be assessed against them." (*Greenup v. Rodman* (1986) 42 Cal.3d 822, 826 (*Greenup*).) "Because the statutory notice requirement is intended to ensure '"fundamental fairness,"' it is subject to 'strict construction.'" (*Los Defensores, Inc. v. Gomez* (2014) 223 Cal.App.4th 377, 398.) Thus, "[a] default judgment greater than the amount specifically demanded in the complaint is void as beyond the court's jurisdiction." (*Airs Aromatics, LLC v. CBL Data Recovery Technologies, Inc.* (2018) 23 Cal.App.5th 1013, 1018 (*Airs Aromatics*).) "We review de novo the trial court's determination that a default judgment is or is not void." (*Rodriguez v. Cho* (2015) 236 Cal.App.4th 742, 752.)

---

[3] In its opening brief, Wanhoo argues the complaint is void in its entirety. In its reply brief, it revises its analysis.

The exceptions to the section 580 notice requirement include situations where there is a statutory prohibition on pleading a specific amount of damages. For example, under Civil Code section 3295, subdivision (e), a complaint may not state the amount of punitive damages sought. In such cases, the plaintiff "preserves the right to seek punitive damages . . . on a default judgment" by serving a statement of damages per section 425.115, subdivision (b). The statement must be served on the defendant "before a default may be taken, if the motion for default judgment includes a request for punitive damages." (§ 425.115, subd. (f).)

Here, neither the prayer for damages nor the body of the complaint alleges any specific amount of compensatory damages. The prayer specifies the *punitive* damages demanded (in violation of Civil Code section 3295, subdivision (e)), but not compensatory damages. "[T]he allegations of a complaint may cure a defective prayer for damages." (*Greenup*, *supra*, 42 Cal.3d at p. 829.) In this case, however, they do not. The complaint repeatedly alleges plaintiffs "incurred damages in an amount to be proven at trial," but includes no specific amounts.

Also, the complaint says plaintiffs seek damages that "exceed the minimum amount necessary to confer jurisdiction in this Court," but without specifying any amount. "In the past, similar allegations have been treated as giving the defendant sufficient notice that the plaintiff claims damages of at least the minimum jurisdictional amount of the court." (*Van Sickle v. Gilbert* (2011) 196 Cal.App.4th 1495, 1529 (*Van Sickle*).) "The basis for that practice disappeared, however, with the unification of the

5

municipal and superior courts because following unification *all* causes come within the original jurisdiction of the superior court [citation], and thus there no longer is a minimum jurisdictional amount for the superior court to which a default judgment can be reduced." (*Ibid.*) At the time the complaint was filed, $25,000 was the dividing line between limited and unlimited civil cases. (See § 88, former §§ 85, 86.) But the superior court had jurisdiction regardless.

The complaint's references to the parties' contract and attachment of that document as an exhibit do not cure the lack of specific allegations regarding damages. It is questionable whether, as a general rule, documents attached to the complaint may supplement the allegations of the complaint in considering whether section 580 is satisfied, even if incorporated by reference. (See *In re Marriage of Lippel* (1990) 51 Cal.3d 1160, 1166 ["Section 580, we have repeatedly stated, means what it says and says what it means: that a plaintiff cannot be granted more relief than is asked for in the complaint"].) Regardless, here, even read in conjunction with the attached contract, the complaint does not provide sufficiently specific information about plaintiffs' demand for compensatory damages. The complaint alleges plaintiffs "are entitled to the value of the Contract . . . in an amount to be determined at trial." But plaintiffs have offered no reasoned argument as to why the "value of the Contract" should be $356,990, the amount that appears in the contract as either the "list price" or "purchase price" of the property. Plaintiffs do not allege they ever paid defendant that amount. On the contrary, the complaint alleges Wanhoo intended to defraud plaintiffs of "their initial deposit." The

6

contract reflects an initial deposit of $2,000. Neither the complaint nor the contract specifies any amounts for the other costs plaintiffs contend were "foreseeable consequence[s]" of Wanhoo's failure to perform its contractual obligations. Thus, even considering the attached contract, plaintiffs failed to allege with specificity any particular amount of compensatory damages to satisfy section 580.[4]

Plaintiffs' prayer for the specific amount of $1 million in punitive damages does not change our conclusion regarding compensatory damages. "Since compensatory and punitive damages are different remedies in both nature and purpose, a 'demand or prayer for one is not a demand legally, or otherwise, for the other, or for both.'" (*Becker v. S.P.V. Construction Co.* (1980) 27 Cal.3d 489, 494-495.)

The trial court denied plaintiffs request for punitive damages, finding "no basis/insufficient showing" for such an award. We note, however, that an award of punitive damages would have been improper for a second reason. Case law predating the enactment of section 425.115 held that a default award of punitive damages could be based on a complaint's statement of the amount of punitive damages sought, regardless of a statutory prohibition on including such a demand in the complaint. (E.g. *Cummings Medical Corp. v. Occupational Medical Corp.* (1992) 10 Cal.App.4th 1291, 1296-1298.)

---

[4] Perhaps there is an argument that plaintiffs adequately alleged specific damages of at least the amount of the deposit, sufficient to sustain a default judgment for $2,000. Nevertheless, since plaintiffs did not ask us to consider that argument, we will not address it further. For the same reason, we do not consider whether a default judgment for $25,000 could be sustained based only on a civil case information statement indicating that plaintiffs sought greater than $25,000 in damages, without any corresponding allegations in the complaint itself.

Now, however, "section 425.115 requires a plaintiff seeking punitive damages to serve upon the defendant a form statement 'or its substantial equivalent' that gives the defendant notice of the specific amount of punitive damages sought." (*Sass v. Cohen* (2020) 10 Cal.5th 861, 870 (*Sass*); see § 425.115, subd. (b).) "[T]he statement contemplated by section 425.115 must be served 'upon the defendant . . . before a default may be taken.'" (*Sass*, at p. 870; see § 425.115, subd. (f).) There is no indication in the record that plaintiffs ever served the required statement on Wanhoo, let alone served it before entry of default. No punitive damages award therefore could have been included in the default judgment, no matter what evidence was presented at the prove-up hearing.

Ordinarily, "[v]acating the default judgment 'does not vacate the default itself.'" (*Airs Aromatics*, *supra*, 23 Cal.App.5th at p. 1025.) We have concluded, however, that there is no amount of which Wanhoo received proper notice that could be the basis for a default judgment. It is appropriate, therefore, that the default judgment be reversed, the entry of Wanhoo's default be set aside, and plaintiffs be given leave to amend their complaint to specifically allege the amounts they seek to recover. (See *Van Sickle*, *supra*, 196 Cal.App.4th at pp. 1529-1530, 1532.)

DISPOSITION

The default judgment is reversed. On remand, the trial court is directed to set aside Wanhoo's default and allow plaintiffs to amend their complaint to specifically allege the amounts they seek to recover and to serve that amended complaint on Wanhoo. Wanhoo is awarded costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL<br>J.

We concur:

RAMIREZ
     P. J.

McKINSTER
     J.